**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                       **v.**          **08-CR-54S**

**SHANE C. BUCZEK,**

       **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. (Dkt. #17).

## PRELIMINARY STATEMENT

The defendant, Shane C. Buczek ("the defendant"), is charged in a three count indictment with having violated Title 18, United States Code, Sections 1001(a)(2), 1542 and 1028(a)(4). The defendant, by his former counsel, filed a "Motion to Strike Surplusage from Count Three of the Indictment." (Dkt. #45). This Court notes that the defendant also filed a "Motion to Dismiss Count One of the Indictment for Multiplicity." (Dkt. #44). The government filed a consolidated response to the defendant's two motions. (Dkt. #47). Set forth below is this Court's Decision and Order with respect to Defendant's Motion to Strike Surplusage from Count Three of the Indictment (Dkt. #45). Defendant's Motion to Dismiss Count One of the Indictment for Multiplicity (Dkt. #44) is the subject of a separate Report, Recommendation and Order.

## DISCUSSION AND ANALYSIS

By his motion to strike surplusage from count three of the indictment (Dkt. #45), defendant asks this Court to strike any reference to unspecified dates, as well as any reference to undisclosed geographic location(s). Defendant maintains that the inclusion of unspecified dates and unspecified geographic locations is confusing and highly prejudicial in that "it does not provide appropriate notice of the charges against [the defendant] to enable him to appropriately defend himself." Dkt. #45. Count three of the indictment states, in its entirety,

> 1. **THAT** beginning on an unknown date, but sometime prior to December 26, 2005, and continuing to the date of the filing of this indictment, in the Western District [sic] New York and elsewhere, the defendant, SHANE C. BUCZEK, unlawfully and knowingly possessed a false identification document, as defined in subsection (d)(4) of Section 1028 of Title 18 of the United States Code, with intent that such document be used to defraud the United States.
>
> 2. **THAT IS TO SAY**, during the aforesaid period, the defendant possessed a false identification document which appeared to be issued by the United States, to wit: a "United States of America Head of State - Diplomat Card," in the name of Shane-Christopher Buczek, Apostille Number 05-03248, and did use said identification document to attempt to obtain a valid United States Passport from [sic] United States Department of State.

Dkt. #1 (emphasis in original).

Rule 7(d) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") states as follows: "Surplusage. Upon the defendant's motion, the court may strike

surplusage from the indictment or information." In addressing the application of that provision, the Court of Appeals for the Second Circuit has expressly stated:

> Motions to strike surplusage from an indictment will be granted only where the challenged allegations are "not relevant to the crime charged and are inflammatory and prejudicial." *United States v. Napolitano*, 552 F.Supp. 465, 480 (S.D.N.Y. 1982) (citing authorities). "[I]f evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." *United States v. DePalma*, 461 F.Supp. 778, 797 (S.D.N.Y. 1978). In RICO cases, courts have refused to strike allegations of organized crime connections that "serve to identify the 'enterprise' and the means by which its members and associates conduct various criminal activities." *Napolitano*, 552 F.Supp. at 480; *see also United States v. Rastelli*, 653 F.Supp. 1034, 1055 (E.D.N.Y. 1986); *United States v. Santoro*, 647 F.Supp. 153, 176-77 (E.D.N.Y. 1986), *aff'd mem.*, 880 F.2d 1319 (2d Cir. 1989).

*United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990). Here the language defendant seeks to have stricken has been recognized by the Second Circuit to be expansive pleading language used in indictments to provide prosecutors with flexibility in proving their cases.

> We recognize the frequency with which expansive language such as "and elsewhere" or "and others" is used in indictments to provide prosecutors with flexibility in proving their cases. *See, e.g., United States v. Lopez*, 356 F.3d at 466. We do not, however, assume from the fact that certain expansive pleading language is routine that it equates to "mere surplusage." Rather, we assume that, in general, when such language is included in an indictment, it is supported by a reasonable good faith belief that places or persons other than those specifically alleged are involved in the charged conduct, even if the particulars of those places or persons are not yet known. *See generally* Fed.R.Crim.P. 7(c)(1) ("A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means.").

*United States v. Olmeda*, 461 F.3d 271, 284 (2d Cir. 2006). For purposes of this motion, this Court is satisfied that the use of the language "beginning on an unknown date" and the phrase "and elsewhere" in the indictment is not, contrary to defendant's motion, confusing and highly prejudicial. Moreover, this Court finds that count three of the indictment provides the defendant with sufficient notice of the charges against him to enable him to appropriately defend himself. For the foregoing reasons, defendant's motion to strike surplusage from count three is DENIED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time**

**waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
               July 24, 2009

                                            **s/ H. Kenneth Schroeder, Jr.**
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**