**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                    **v.**             **08-CR-54S**

**SHANE C. BUCZEK,**

       **Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. (Dkt. #17).

## PRELIMINARY STATEMENT

The defendant, Shane C. Buczek ("the defendant"), is charged in a three count indictment with having violated Title 18, United States Code, Sections 1001(a)(2), 1542 and 1028(a)(4). The defendant, by his former counsel, filed a "Motion to Dismiss Count One of the Indictment for Multiplicity." (Dkt. #44). Thereafter, the defendant, by his former counsel, filed a "Motion to Strike Surplusage from Count Three of the Indictment." (Dkt. #45). The government filed a consolidated response to the defendant's two motions. (Dkt. #47). Set forth below is this Court's Report, Recommendation and Order with respect to defendant's "Motion to Dismiss Count One of the Indictment for Multiplicity" (Dkt. #44). Defendant's "Motion to Strike Surplusage

from Count Three of the Indictment" (Dkt. #45) is the subject of a separate Decision and Order.

**DISCUSSION AND ANALYSIS**

By his motion, the defendant seeks the outright dismissal of count one of the indictment on the grounds that the "inclusion of Count I and Count II of the indictment would be a violation of the Double Jeopardy clause of the Fifth Amendment of the United States Constitution as it would subject Mr. Buczek to punishment for the same crime more than once." Dkt. #44. As a threshold matter, in opposition to defendant's motion to dismiss, the government notes that if indeed counts of an indictment are found to be multiplicitous, the usual remedy is for the court to require the government to "make an election of counts," not dismissal at this stage of the prosecution. Dkt. #47, p.2. Additionally, the government argues that the defendant's assertion that the two counts charge him with "attempting to defraud the United States government" is erroneous insofar as the cited language does not appear in either count in the indictment. *Id.* In its opposition to defendant's motion, the government summarizes counts one and two of the indictment as follows:

> The gravamen of Count One is that the defendant took the standard Passport Application (available at http://travel.state.gov/passport/forms/forms_847.html), and somehow altered the form by substituting the language quoted in the indictment for the language in the State Department's form thus, to quote the indictment, submitting a form that was "altered to contain materially false, fictitious and     fraudulent statements," *i.e.*, that the defendant

> was a "non citizen under 8 USC 1101(a)(21)" and that he
> was "not a U.S. citizen under 8 USC 1401" when the proof at
> trial will be that he clearly was and is a United [sic] Citizen."
>
> The gravamen of Count Two is that in stating on the
> passport application that his "Permanent Address and
> Residence" was what is actually a (now closed) mail drop in
> Del Ray Beach, Florida, and that the status of his prior
> passport was "other, lost at sea," the the [sic] defendant
> simply lied because the mail drop was not his permanent
> address and residence and because he had the prior
> passport.

Dkt. #47, pp.3-4 (internal footnotes omitted). Count one of the indictment charges a violation of Title 18, Untied States Code, Section 1001(a)(2) and count two of the indictment charges a violation of Title 18, United States Code, Section 1542.

The United States Supreme Court enunciated the rule or test to be applied in making a determination of whether an indictment contains multiplicitous counts as follows:

> The applicable rule is that, where the same act or
> transaction constitutes a violation of **two distinct statutory
> provisions**, the test to be applied to determine whether
> there are two offenses or only one, is whether each
> provision requires proof of a fact which the other does not.
> *Gavieres v. United States*, 220 U.S. 338, 342, 31 S. Ct. 421,
> 55 L. Ed. 489, and authorities cited. In that case this court
> quoted from and adopted the language of the Supreme
> Court of Massachusetts in *Morey v. Commonwealth*, 108
> Mass. 433: 'A single act may be an offense against two
> statutes; **and if each statute** requires proof of an additional
> fact which the other does not, an acquittal or conviction
> under either statute does not exempt the defendant from
> prosecution and punishment under the other.'

*Blockburger v. United States*, 284 U.S. 299, 304 (1932) (emphasis added).

The Court of Appeals for the Second Circuit has reiterated this rule or test in *United States v. Chacko,* 169 F.3d 140, 146 (1999), wherein it stated:

> In assessing whether a defendant is impermissibly charged with essentially the same offense more than once in violation of the Double Jeopardy Clause of the Constitution, the touchstone is whether Congress intended to authorize separate punishments for the offensive conduct under separate statutes. *See Holmes*, 44 F.3d at 1154. It is not determinative whether the same conduct underlies the counts; rather, it is critical whether the "**offense**" -- in the legal sense, as defined by Congress -- complained of in one count **is the same as that charged in another**.
>
> To assess whether the two offenses charged separately in the indictment are really one offense charged twice, the "same elements" test or the "*Blockburger*" test is applied. The *Blockburger* test examines whether each charged offense contains an element not contained in the other charged offense. *See Dixon*, 509 U.S. at 696, 113 S. Ct. 2849. If there is an element in each offense that is not contained in the other, they are not the same offense for the purposes of double jeopardy, and they can both be prosecuted.

(citations omitted) (emphasis added).

Title 18, United States Code, Section 1001(a)(2) provides in relevant part: "[e]xcept as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully - (2) makes any materially false, fictitious, or fraudulent statement of representation" shall be guilty of a crime. In order to prove a violation of Title 18, United States Code, Section 1001(a)(2) the government must prove beyond a reasonable doubt, the following five elements: (1) that on or about the

date specified, the defendant made a statement or representation; (2) that this statement or representation was material; (3) the statement or representation was false, fictitious or fraudulent; (4) the false fictitious or fraudulent statement was made knowingly and willfully; and (5) the statement or representation was made in a matter within the jurisdiction of the government of the United States. *See* 2 L. Sand, *et al.*, Modern Federal Jury Instructions - Criminal, Instruction 36-9 (2007).

Title 18, United States Code, Section 1542 provides in pertinent part, "[w]hoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws" shall be guilty of a crime. In order to prove a violation of Title 18, United States Code, Section 1542, the government must prove beyond a reasonable doubt the following three elements: (1) that the defendant made a false statement in an application for a United States passport; (2) that the defendant made that false statement with the intent to secure the issuance of a passport for his or her own use or for the use of another; and (3) that the defendant acted knowingly and willfully. *See* 2 L. Sand, *et al.*, Modern Federal Jury Instructions - Criminal, Instruction 41-16 (2007).

In applying the *Blockburger* test, and as articulated by the government in its opposition to defendant's motion to dismiss, two allegedly separate false statements were made, each requiring proof of different elements. First, as alleged in count one of

the indictment, the defendant altered a passport application such that it stated he was a "non-citizen national under 8 USC 1101(a)(21)" and that he was "not a 'U.S. citizen' under 8 USC 1401" all in violation of Title 18, United States Code, Section 1001. *See* Dkt. #1. Second, it is alleged that the defendant falsely stated that he lost his passport at sea and further that his permanent address or residence was "3135 South Federal Highway, Del Ray, Florida" a now closed Postal Store Plus, all with the intent of gaining a new United States passport. *See* Dkt. #1. Thus, in order to be successful in proving the defendant guilty of the conduct alleged in counts one and two of the indictment, the government must prove the facts set forth above sufficient to satisfy the separate elements described above. As a result, under the *Blockburger* test, counts one and two are not multiplicitous, and it is therefore RECOMMENDED that defendant's motion be DENIED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The District Judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

The Clerk is directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.


DATED:	Buffalo, New York
	July 24, 2009

						s/ H. Kenneth Schroeder, Jr.
						**H. KENNETH SCHROEDER, JR.**
						**United States Magistrate Judge**