**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                  v.          08-CR-54S

**SHANE C. BUCZEK,**

       **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. (Dkt. #17). The defendant, Shane C. Buczek ("the defendant"), is charged in a three count indictment with having violated Title 18, United States Code, Sections 1001(a)(2), 1542 and 1028(a)(4). Currently pending before the Court are the following motions, petitions, affidavits, notices, and/or miscellaneous requests filed by the defendant:

    (1)    "Petition for Post Settlement and Closure of the Account Under Public Policy, Affidavit of Specific Negative Averment" (Dkt. #74);

    (2)    "Notice of Trustee Appointment, Power of Attorney and Trust Stipulation Under Public Policy in Support of Post Settlement and Closure" (Dkt. #82);

    (3)    "Second (2nd) Notice of Recission [sic]" (Dkt. #83);

    (4)    "Affidavit of Corporate Denial Existence In Support of Post Settlement and Closure" (Dkt. #84);

    (5)    "Objection to Proceedings, No Ratification of Commencement, Petition for Writ of Habeas Corpus, Petition to Dismiss with Prejudice" (Dkt. #91);

(6) "Affidavit of Original Issue, Notice to the Court of Defendants [sic] Acceptance of the Claim and Notice of the United States District Courts Western District of New York Abandonment of Claim" (Dkt. #100);

(7) "Motion for Summary Judgement [sic] to Issue Order Granting Great Writ of Habeas Corpus Rule 17 Real Party in Interest" (Dkt. #101);

(8) "Notice of Mistake, Writ of Recognitione Adnullanda, Notice of Non-Consent, Lodgment and Commercial Notice of Surrender of the Ens Legis and Stramineus Homo, 'the defendant', Petition for Release of the Lawful Man, Notice of Tender of Bonds to Indemnify the Court, Waiver and Release without Consideration, Affidavit in Support, and Petition to Dismiss for Lack of Ratification of Commencement" (Dkt. #106);

(9) "Amended Notice of Mistake, Writ of Recognitione Adnullanda, Notice of Non-Consent, Lodgment and Commercial Notice of Surrender of the Ens Legis and Stramineus Homo, 'the defendant', Petition for Release of the Lawful Man, Notice of Tender of Bonds to Indemnify the Court, Waiver and Release without Consideration, Affidavit in Support, and Petition to Dismiss for Lack of Ratification of Commencement" (Dkt. #107);

(10) "Amended Writ of Recognitione Adnullanda, Notice of Mistake Notice of Non-Consent, Lodgment and Commercial Notice of Surrender of the Ens Legis and Stramineus Homo, 'the defendant', Petition for Release of the Lawful Man, Notice of Tender of Bonds to Indemnify the Court, Waiver and Release without Consideration, Affidavit in Support, and Petition to Dismiss for Lack of Ratification of Commencement" (Dkt. #108);

(11) "DOS & DOJ 09027438-1 Authentication Notice of Trustee Appointment, Power of Attorney and Trust Stipulation Under Public Policy Rule 902 Evidence Two Seals in Support of Post Settlement and Closure" (Dkt. #109);

(12) "Verified Appointment of Attorney" (Dkt. #110);

(13) "Petition for Post Settlement and Closure of the Account Under Public Policy, Pursuant to: 27 CFR 72.11 & 48 CFR Ch.1.53.228 for Deposit Opt. Forms 1402,28,90,91 SF 24,25,25a,273,274 and 275" (Dkt. #111);

(14) "Final Petition for Post Settlement and Closure of the Account Under Public Policy, Affidavit of Specific Negative Averment Authentication by DOS & DOJ 09009574-1 in Accorance [sic] & Pursuant to Rule 902" (Dkt. #114);

(15) "Supplement Amended Writ of Recognitione Adnullanda, Notice of Mistake Notice of Non-Consent, Lodgment and Commercial Notice of Surrender of the Ens Legis and Stramineus Homo, 'the defendant', Petition for Release of the Lawful Man, Notice of Tender of Bonds to Indemnify the Court, Waiver and Release without Consideration, Affidavit in Support, and Petition to Dismiss for Lack of Ratification of Commencement" (Dkt. #115);

(16) "Second Supplement Amended Writ of Recognitione Adnullanda, Notice of Mistake Notice of Non-Consent, Lodgment and Commercial Notice of Surrender of the Ens Legis and Stramineus Homo, 'the defendant', Petition for Release of the Lawful Man, Notice of Tender of Bonds to Indemnify the Court, Waiver and Release Without Consideration, Affidavit in Support, and Petition to Dismiss for Lack of Ratification of Commencement" (Dkt. #120); and

(17) "Supplement Amended Petition for Post Settlement and Closure of the Account Under Public Policy, Pursuant to: 27 CFR 72.11 & 48 CFR Ch.1.53.228 for Deposit Opt.Forms 90,91 SF 24,25,25a,273,274,275,1402 and 329E" (Dkt. #122).

Also pending before this Court is the government's Motion to Strike Defendant's Pretrial Filings as Frivolous. (Dkt. #124). Specifically, the government seeks an Order from this Court striking the following documents filed under docket numbers: 82, 83, 84, 100, 101, 107, 108, 109, 110, 111, 114, 115, 120, and 122. For the following reasons, the relief, if any, requested by the defendant in the documents filed under docket numbers 74, 82, 83, 84, 91, 100, 101, 106, 107, 108, 109, 110, 111, 114, 115, 120, and 122 is denied and the government's motion to strike (Dkt. #124) is denied as moot.

The three count indictment charging the defendant with having violated Title 18, United States Code, Sections 1001(a)(2), 1542 and 1028(a)(4) was filed under seal on March 4, 2008 and was unsealed in connection with the defendant's arrest on March 7, 2008. Dkt. #1. During the sixteen plus months that have passed since that time, the defendant has appeared before this Court nearly twenty times. Many of the court appearances have been extremely lengthy proceedings wherein extensive discussions between the Court and the defendant have occurred concerning the defendant's interpretation of the law and public policy. Additionally, the defendant has filed voluminous documents with the Court (and supplied Chambers with courtesy copies) setting forth his legal and public policy arguments. Accordingly, the Court is intimately familiar with the facts and circumstances surrounding the straightforward allegations in the indictment, as well as the defendant's public policy arguments, his interpretation of the criminal laws and their applicability to him and his corresponding political views and opinions concerning allegations in the indictment.

The Court has reviewed the motions, petitions, affidavits, notices, and/or miscellaneous requests filed by the defendant (Dkt. ##74, 82, 83, 84, 91, 100, 101, 106, 107, 108, 109, 110, 111, 114, 115, 120, and 122) and finds them to be totally incomprehensible. This Court further finds that the aforementioned documents have absolutely no bearing whatsoever on the issues raised in the indictment. Accordingly, for the foregoing reasons the relief, if any, sought in docket numbers 74, 82, 83, 84, 91, 100, 101, 106, 107, 108, 109, 110, 111, 114, 115, 120, and 122 is DENIED. As a result, the government's motion to strike is DENIED as moot.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2**

**(concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:	Buffalo, New York
	July 24, 2009

							s/ H. Kenneth Schroeder, Jr.
							**H. KENNETH SCHROEDER, JR.**
							**United States Magistrate Judge**