**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                       v.           08-CR-54S

**SHANE C. BUCZEK,**

      **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. (Dkt. #17).

## PRELIMINARY STATEMENT

The defendant, Shane C. Buczek ("the defendant"), is charged in a three count indictment with having violated Title 18, United States Code, Sections 1001(a)(2), 1542 and 1028(a)(4). The defendant, proceeding *pro se*, filed a motion titled "'Emergency' Motion to Provide for Inspection of Jury List in Support of a Future Motion to Dismiss Grand Jury Indictment Pursuant to Title 28 Section 1867(a) and (F)." (Dkt. #92). Thereafter, the government filed a response to the defendant's motion. (Dkt. #94). For the following reasons, defendant's motion is denied.

## **DISCUSSION AND ANALYSIS**

By his motion, defendant seeks to inspect the jury lists. More specifically, the defendant has requested the records pertaining to the formation of the Grand Jury to determine whether the Grand Jurors who concurred in the return of the indictment against the defendant resided within the District's zip codes. Dkt. #92, p.9. The Jury Selection and Service Act of 1968, Title 28, Untied States Code, Section 1861 *et seq.*, provides the exclusive method whereby a defendant may challenge a court's compliance with jury selection procedures. Title 28, United States Code, Section 1867(a) provides for strict time limitations in connection with a challenge to a petit and/or grand jury.

> In criminal cases, before the voir dire examination begins or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

Title 28, United States Code, Section 1867(a). A defendant must file his or her motion alleging noncompliance with the Jury Selection and Service Act of 1968 within the requisite seven day period or the objection to the jury composition is waived. *United States v. Ovalle*, 136 F.3d 1092, 1107 (6th Cir. 1998); *United States v. Webster*, 639 F.2d 174, 480 (4th Cir. 1981). Courts throughout the United States have strictly enforced the seven-day limitation period and have held that where the challenge is to a grand jury selection, the seven-day period begins to run from the date of the indictment. *United States v. Rodriguez*, 588 F.2d 1003, 1009 (5th Cir. 1979); *United States v.*

*Paradies*, 98 F.3d 1266, 1277 (11th Cir. 1996); *United States v. Dean*, 487 F.3d 840, 849 (11th Cir. 2007); *United States v. Noah*, 475 F.2d 688, 695 (9th Cir. 1973).

As the government correctly points out in its opposition to defendant's motion, defendant's motion was filed over eleven months after the instant indictment was returned. Specifically, the indictment was filed under seal on March 4, 2008 (Dkt. #1) and was unsealed on the date of defendant's arrest in the Northern District of California on March 7, 2008. Thereafter, the defendant appeared before this Court on March 14, 2008 for arraignment. Dkt. #2. Even giving the defendant the benefit of the ten days that passed between the filing of the indictment and his appearance in the Western District of New York, defendant did not file the instant motion until February 17, 2009 (Dkt. #92), well beyond the seven day limitation period set forth in Title 28, United States Code, Section 1867(a). Accordingly, for the foregoing reasons, defendant's motion, to the extent it is seeking dismissal of the indictment pursuant to Title 28, United States Code, Section 1867(a), is denied as untimely.

In addition to his reliance on Title 28, United States Code, Section 1867(a), defendant further relies on *Test v. United States*, 420 U.S. 28 (1975) and subsection (f) of Title 28, Untied States Code, Section 1867 which states, in part, "[t]he content of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except ... as may be necessary in the preparation or presentation of a motion..." challenging the jury selection procedures. Unlike subsection (a), there is no time limitation in subsection (f) and the documents

may technically be requested at any time. Moreover, the text of subsection (f) suggests that a defendant has a limited, but seemingly unqualified right to inspect the records. *Test*, 420 U.S. at 29; *United States v. Louie,* 625 F.Supp. 1327, 1343 (S.D.N.Y. 1985) (granting request to inspect records and papers of the jury clerk in connection with the jury selection process insofar as the request was not opposed by the government and supported by *Test*); *United States v. McLernon*, 746 F.2d 1098, 1121 (6th Cir. 1984) (defendants (appellants) entitled only to master lists from which the grand jurors are drawn and relevant demographic data; refusal to provide appellants with names, addresses and demographics of specific grand jurors who returned indictments against them was not error).

As recited in *United States v. Yarborough*, jury records in the Western District of New York are a matter of public record. *United States v. Yarborough*, No. 06-CR-190(A), 2007 WL 962926 (W.D.N.Y. Mar. 28, 2007). In *Yarborough*, the defendant sought an order from the court permitting the disclosure of records pertaining to the formation of the Grand Jury which considered his case. In dismissing defendant's request as moot, the Court stated, "[a] defendant has 'essentially an unqualified right to inspect jury lists' in order to aid in the preparation of motions challenging the jury selection procedures. As these records may be obtained by Defendant, upon request, from the Clerk's Office without order of court (and could have been obtained prior to filing Defendant's motion)...." *Yarborough*, 2007 WL 962926, *14. Following the reasoning set forth in *Yarborough*, that portion of defendant's motion seeking the

disclosure of grand jury selection documents is dismissed as moot insofar as such documents are available and have been available upon defendant's request to the Clerk's Office.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:	Buffalo, New York
	July 24, 2009

						s/ H. Kenneth Schroeder, Jr.
						**H. KENNETH SCHROEDER, JR.
						United States Magistrate Judge**