UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

**ORDER**
08-CR-54S

SHANE C. BUCZEK,

          Defendant.

1.      Trial in this criminal prosecution will begin on Tuesday, April 6, 2010, at 9:30 a.m., with jury selection. The defendant, Shane C. Buczek, has knowingly and voluntarily elected to defend himself in this action, despite this Court's explicit warnings that doing so will likely be to his detriment. (Docket No. 169.) Currently before this Court are several of Defendant's pretrial requests for relief, all of which are denied.

2.      On February 22, 2010, Defendant filed a document entitled "Global Demand to Recuse AUSA Anthony Bruce, Kathleen M. Mehltretter, Mary C. Baumgarten, [et al.] & ALL AUS Attorney's In Western District of New York Attorney Office for Conflict of Interest." (Docket No.170.)

Defendant seeks disqualification of all attorneys in the United States Attorney's Office based on alleged ethical violations, including conflict of interest and the appearance of partiality. Defendant's motion is premised on New York County Law 701, which does not apply in federal court proceedings. Defendant's motion is also based on alleged "egregious conduct in pretrial proceedings," and an alleged conflict of interest arising out of a civil suit claiming vindictive prosecution that Defendant recently filed against Assistant

United States Attorney Anthony M. Bruce and others.[1]

Having reviewed Defendant's motion, this Court finds no cause for recusal and no cause to proceed with a hearing on the issue. Although this Court offers no opinion on the merits of the civil action, it finds that Defendant has not made a threshold showing that recusal of the prosecutors in this case, let alone the entire United States Attorney's Office, is warranted. Indeed, the lead prosecutor, Maura O'Donnell, only recently assumed that role, and she is not named in either the present recusal motion or the civil suit filed by Defendant. Defendant's motion is therefore denied.

3.       On February 25, 2010, Defendant filed a document entitled "Notice of Mistake With Declaration in Support/Notice of Election of a Choose In Action and Conversion on All Liability." (Docket No. 171.) He filed an amended version of this document on March 15, 2010. (Docket No. 180.) These documents assert that the magistrate judge assumed a surety relationship with Defendant by virtue of entering a not guilty plea to the indictment on his behalf. Rule 11(a)(4) of the Federal Rules of Criminal Procedure, however, requires the court to enter a not guilty plea on behalf of a defendant who refuses to enter a plea. Accordingly, the magistrate judge acted properly and according to law. To the extent these submissions seek relief, they are denied.

4.       On March 1, 2010, Defendant filed a document concerning judicial notice, which is approximately 40 pages of definitions and declarations that are consistent with his "redemption" theories, including (1) that this court is a "foreign court," (2) that judges serve as debt collectors, and (3) that courts are operating under the "emergency war powers act."

---

[1] Defendant seeks $1.954 billion in damages in the civil suit.

(Docket No. 172.)

The title of the document is "Mandatory Judicial Notice" and the caption includes "Judicial Notice; Notice to the Administrative Court."  It appears that this is a document in which *Defendant* is purporting to provide some sort of public, administrative notice or *himself* taking judicial notice of certain theories.  But even that is somewhat unclear.

To the extent this document can be construed as a request for this Court to take judicial notice of anything contained therein, this Court finds that the request does not fit within Rule 201 of the Federal Rules of Evidence, which governs judicial notice.  As such, any request for judicial notice that can be gleaned from this document is denied.

There is also some suggestion in the document that this is an Article I administrative court and that this court lacks jurisdiction.  This is plainly incorrect.  This is an Article III United States District Court and proper jurisdiction over this federal criminal case is indisputable.  To the extent Defendant's filing can be read as a request to dismiss the indictment for lack of jurisdiction, it is denied.

5.    On March 9, 2010, Defendant filed a "Global Demand to Dismiss for Malicious, Selective, Vindictive Prosecution and Disqualification of AUSA Anthony Bruce." (Docket No. 176.)  Defendant seeks dismissal of the indictment and disqualification of Mr. Bruce.  Both requests hinge on Defendant's belief that no "real party of interest" has been identified, and thus, this prosecution has been vindictive.  This request is also based on the allegation that Mr. Bruce demanded that Defendant accept a plea disposition.

Defendant's "real party of interest" and other like arguments based on tax-protestor or redemption theories are incorrect as a matter of law, irrelevant in these criminal

proceedings, and inadmissible at trial, except for the limited purposes discussed in this Court's decision resolving the motions in limine. These theories offer no basis for dismissal of the indictment, nor do they require the disqualification of Mr. Bruce, who, in any event, is no longer the lead prosecutor in this case.[2] Further, there is no evidence from which it can be concluded that Mr. Bruce improperly demanded that Defendant accept a plea offer. Defendant's motion is therefore denied.

6.      Defendant has the constitutional right to defend himself in this case, and this Court has found that, although unwise, Defendant is exercising that right knowingly and voluntarily. This Court again warns Defendant that representing himself will likely prove a grave error in judgment, particularly given the disparity in legal knowledge and skill between himself and the prosecutors. Defendant will be (1) held to the Rules of Evidence and Criminal Procedure; (2) precluded from speaking in the first person, as though testifying; and (3) precluded from voicing personal observations when speaking to the jury, questioning witnesses, or commenting on the evidence. Defendant cannot make statements without limitation, cannot receive advice from this Court on rules or legal matters, and cannot have co-counsel. Mr. Comerford has been appointed to serve as stand-by counsel, which is an advisory role. While respecting Defendant's constitutional rights, this Court urges Defendant in the strongest possible terms to allow Mr. Comerford to act as his attorney and defend him in this case.

---

[2] Again, this Court offers no opinion on the merits of Defendant's civil suit.

IT HEREBY IS ORDERED, that Defendant's "Global Demand to Recuse AUSA Anthony Bruce, Kathleen M. Mehltretter, Mary C. Baumgarten, [et al.] & ALL AUS Attorney's In Western District of New York Attorney Office for Conflict of Interest" (Docket No.170) is DENIED.

FURTHER, that to the extent they seek relief, Defendant's "Notice of Mistake With Declaration in Support/Notice of Election of a Choose In Action and Conversion on All Liability" and amended version of that document (Docket Nos. 171, 180) are DENIED.

FURTHER, that to the extent it seeks relief, Defendant's "Mandatory Judicial Notice" (Docket No. 172) is DENIED.

FURTHER, that Defendant's "Global Demand to Dismiss for Malicious, Selective, Vindictive Prosecution and Disqualification of AUSA Anthony Bruce" (Docket No. 176) is DENIED.

SO ORDERED.

Dated:   March 15, 2010
            Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court