Shane C. Buczek
Inmate #90656-lll
c/o F.C.I. Loretto
Federal Correctional Institution
P.O. Box 1000
Loretto, 15940
PENNSYLVANIA, USA



Sui Juris, In Propria Persona, Federal Witness

All Rights Reserved without Prejudice U.C.C. 1-207, 1-308


IN THE
United States District Court
for the Western Judicial District of New York

| | | |
|---|---|---|
| Shane C. Buczek | ) | Void Judgment Motion |
| Petitioner, ex parte | ) | Federal Rules of Civil Procedure, Rule 60(b)(4) |
| | ) | Federal Rules of Evidence, Rules 301, 302 |
| In the matter of: | ) | |
| | ) | Case#_____ |
| UNITED STATES OF AMERICA | ) | |
| Plaintiff<u>s</u> | ) | Certified Mail# 7010 0290 0001 7391 4194 |
| | ) | |
| v. | ) | **DO NOT TREAT AS A 28 U.S.C. § 2255** |
| | ) | **OR OTHER HABEAS CORPUS PETITION** |
| SHANE C. BUCZEK, a U.S. Trust | ) | |
| Defendant | ) | |
| | ) | |
| Case# 1:08-CR-00054 ✓ | ) | |
|     1:09-CR-00121 | ) | |
|     1:09-CR-00141 | ) | |
| | ) | |


COMES NOW Shane-Christopher: Buczek, Sui Juris, In Propria Persona, Sovereign New York state Republic <u>C</u>itizen, expressly <u>not</u> a citizen of the "United States" (federal citizen), Federal Witness and Petitioner in the above entitled matter of SHANE C. BUCZEK, a U.S. Trust, (hereinafter "Petitioner"), to respectfully move this court for Relief from Petitioner's <u>un</u>constitutional conviction and continuing incarceration pursuant to this Void Judgment Motion, Federal Rules of Civil Procedure, Rule 60(b)(4), of the Void Judgment entered in His case.

Petitioner hereby incorporates by reference, all authorities cited in <u>Exhibit "A"</u>: Federal Criminal Jurisdiction.


<u>Mandatory Judicial Notice</u>

Mandatory Judicial Notice is hereby respectfully requested pursuant to <u>Federal Rules of Evidence</u>, Rule 201(d), of Petitioner appearing <u>Sui Juris</u> and <u>In Propria Persona</u>, and to please afford Petitioner the latitude mandated by <u>Haines v. Kerner</u>, 404 US 519, 520 (1972); <u>Darr v. Burford</u>, 339 US 200, 203, 94 LEd 761, 70 SCT 587 (1950); the precedent of <u>United States v. Hough</u>, 157 FSupp 771, 774-775 (USDC SD Cal, 1957)(**Where the petitioner appears in propria persona**, as was observed by Judge Barnes of the Court of Appeals of the 9th Circuit,'**the court itself undertakes to assure the litigant that no meritorious case be lost because of lack of legal skill.** Briefs are scanned with unjaundiced eyes and technical compliance with the Rules of Court are not stringently enforced. The

dominant theme is liberalty.' Hoffman v. United States, 9 Cir., 244 F2d 378, 379); and Fred Traguth and Otto Handtke v. D'Lelazuck, 710 F2d 90, 95 (1983)(the district court also abused its discretion in failing to take into account Zuck's pro se status. **Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of lack of legal training.**; and all authorities cited herein and in Petitioner's annexed Exhibit "A".


### Reasons for Granting Petition

The finding by the honorable William M. Skretny, Chief Judge, that the United States District Court is an Article III constitutional court and not an Article I court convened under Article IV, See Exhibit B, no.4, paragraph 4, is demonstrably false, without merit and/or legal standing, and presumptively rebuttable for the following reasons:

1. "All federal crimes are statutory". Dobie, "Venue and Criminal Cases in the United States District Court", Virginia Law Review, 287, 289 (1926). "...[O]n the other hand, since all Federal crimes are statutory and all criminal prosecutions in the Federal courts are based on acts of Congress", Federal Rules of Criminal Procedure, Rule 26, in "taking of testimony", notes of Advisory Committee on Rules, paragraph no. 2.

2. Federal Rules of Criminal Procedure, Rule 54, Application and Exception, paragraph (c), "Act of Congress" includes any act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession.

3. The term "United States" as defined in 18 U.S.C. § 5, in a territorial sense, is not referring to land within the several 50 Union States not ceded to the Federal Government by the State legislatures, but only includes land over which the "United States" (federal government) is Sovereign. See Hooven & Allison Co. v. Evatt, 324 US 652, 671, 65 SCt 870, 880, 89 LEd 1252 (The term "United States" may be used in any one of several senses. **It may designate territory over which the sovereignty of the United States extends**); cf. Black's Law Dictionary, Sixth Edition, page 1533, "United States".

4. The territorial jurisdiction of the "United States" (federal government) is defined at 18 U.S.C. § 7, and includes (3) "Any lands reserved or acquired for the use of the United States, and **under the exclusive or concurrent jurisdiction** thereof, or any place purchased or otherwise acquired by the United States **by consent of the legislature of the State** in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building". cf. Article I, § 8, Clause 17, U.S. Constitution.

5. The term "interstate commerce" as used throughout Title 18 U.S.C. and defined at 18 U.S.C. § 10, is not referring to the same "interstate commerce" at Article I, § 8, Clause 3, U.S. Constitution.*; but only the territorial jurisdiction specified at 18 U.S.C. § 7(3). See Federal Rules of Criminal Procedure, Rule 1(b)(9) "State" defined. Compare "Act of Congress" at Rule 54, supra.

6. When Congress wants to include any and/or all of the several 50 Union States, they do so explicitly. See Butler v. D.O.J., 492 F3d 440, 444, 337 US App DC 141, 145 (2007)(See Keene Corp. v. United States, 508 US 200, 208, 113 SCt 2035, 124 LEd2d 118 (1993)(courts have a "duty to refrain from reading a phrase into the statute when Congress has left it out")); The Legal Maxim "Inclusio unius

est exclusio alterius", to wit: This doctrine decrees that where law expressly describes particular situation to which it shall apply, **an irrefutable inference must be drawn that what is omitted or excluded was intended to be omitted or excluded**), Black's Law Dictionary, Sixth Edition, page 763.; 18 U.S.C. § 3528, (the term "State" means **each of the several states**); and 26 U.S.C. § 3121, Definitions, Amendments, viz:

In 1960, P.L. 86-624, Sec. 18(c), deleted "Hawaii," in para. (e)(1), effective 8/21/59. (after the Territory of Hawaii became a Union State, which ousted the Federal Government of jurisdiction).

Prior to amendment, subsec. (e) read as follows:

(e)(1) State.-The term "State" includes **Hawaii**, the District of Columbia, Puerto Rico, and the Virgin Islands.

In 1959, P.L. 86-70, Sec. 22(a), deleted "Alaska," in para. (e)(1), effective 1/3/59. (after the Territory of Alaska became a Union State, which ousted the Federal Government of jurisdiction).

7. There is no presumption in favor of jurisdiction, and the basis for jurisdiction must be affirmatively shown. See Hanford v. Davis, 163 US 273, 41 LEd 157, 16 SCt 1051 (1896).

8. In principle, the exclusive legislative jurisdiction of the federal government **is not addressed to subject matter, but to geographical location.** See People v. Godfrey, 17 Johns 225 (NY 1819):

> [Spencer, Ch. J.]...The jurisdiction of the courts of the United States **must be derived under the eighth section of the first article and seventeenth paragraph of the Constitution of the United States...**
>
> In the case of the United States v. Bevans, (3 Wheaton, 388)[2] Chief Justice Marshall said, "the power of exclusive legislation under the eighth section of the first article of the Constitution, which is **jurisdiction, is united with cession of territory**",...the right of exclusive legislation within the territorial limits of any state, **can be acquired by the United States only in the mode pointed out in the Constitution,**...
>
> In the case already cited, Chief Justice Marshall observed, that to bring the offence within the jurisdiction of the courts of the union, it must have been committed out of the jurisdiction of any state; **it is not, (he says), the offence committed, but the place in which it is committed**, which must be out of the jurisdiction of any state.

9. It is axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction therefore. See U.S. v. Benson, 495 F2d 475, 481 (1974). The jurisdictional challenge can never be waived by the Accused, nor acquiesced by the Accused, in the absence of a positive showing on the record that jurisdiction was clearly and unambiguously established. See also Mitchell v. Maurer, 293 US 237, 245, 70 LEd 338 (1934):

> Unlike an objection to venue, **lack of federal jurisdiction cannot be waived or overcome by an agreement of the parties.**

10. The exclusive legislative jurisdiction of the Federal Government is defined at Article I, Section 8, Clause 17, U.S. Constitution. This is the extent of Congress' criminal jurisdiction. Congress has no authority whatsoever to create and/or police nationwide criminal laws, save for those specifically enumerated in the Constitution. Congress cannot enlarge federal jurisdiction by creating laws (legislating). See Bowen v. Johnston, 306 US 19, 22, 83 LEd 455, 59 SCt 442, (Crimes are thus cognizable- "When committed within or on lands reserved or acquired for the exclusive use of the United States, and under the exclusive jurisdiction thereof"); New Orleans v. United States, 35 US 662, 10 Pet 662, 736-737, 9 LEd 573 (1836)(Congress cannot by legislation, enlarge the federal jurisdiction, nor can it be enlarged by the treaty-making power. Special provision is made in the Constitution for the Cession of jurisdiction from the States over places where the federal government shall establish forts or other military works. And it is only in these places or in the territories of the United States, where it can exercise a general jurisdiction); and Logan v. United States, 144 US 263, 283, 36 LEd 429 (1892)([T]he Constitution contains no grant, general or specific, to Congress of the power to provide for the punishment of crimes, except piracies and felonies on the high seas, offenses against the law of nations, treason, and counterfeiting the securities and current coin of the United States); cf. also the Tenth Amendment.

11. Without proof of the requisite ownership or possession of the United States, the crime has not been made out. See U.S. v. Watkins, 80 FSupp 649 (1948, E.D. Va.). Only in America can We be forced into the status of subjects of a foreign corporation by fiat legislation, and the stroke of a CEO's pen, at the point of a gun, and thereby be immediately divested of standing in judicio, and declared to be debtors and enemies of our Own government.

12. In criminal prosecutions, where the federal government is the moving party, it must not only establish ownership of the property upon which the crime was allegedly committed, but it must also produce documentation that the state has ceded to it jurisdiction over that property. It was held by the U.S. Supreme Court in the case of Fort Leavenworth Railway Co. v. Iowa, 114 US 525, 531 (1885)(Where lands are acquired without such consent, the possession of the United States, unless political jurisdiction be ceded to them in some other way, is simply that of an ordinary proprietor).

13. No jurisdiction exists in the United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands has been published and filed in behalf of the United States, as provided by 40 U.S.C. § 255 (now § 3112), and the fact that the state authorized the government to take and exercise jurisdiction was immaterial. See Adams v. United States, 319 US 312, 87 LEd 1421, 63 SCt 1122 (1943).

14. All courts of justice are duty-bound to take judicial notice of the territorial extent of jurisdiction, although those acts are not formally put into evidence, nor in accord with pleadings. Jones v. U.S., 137 US 202, 11 SCt 80 (1890).

15. Where a federal court is without jurisdiction of the offense, judgment of conviction of the court and/or the jury is void ab initio, on its face. Bauman v. U.S., 156 F2d 534 (5th Cir. 1946).

16. Federal criminal jurisdiction is never presumed; it must always be proven; and it can never be waived. U.S. v. Rogers, 23 Fed 658 (D.C., W.D. Ark., 1885).

17. A judgment of conviction which is void for lack of jurisdiction can be raised at any time. See Federal Rules of Civil Procedure, Rule 60(b)(4), Void Judgments; and Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F3d 1126, 1130 (11th Cir. 1994).

18. The federal courts are both limited by the Constitution and by Acts of Congress. See Owen Equipment & Erection Co. v. Kroger, 437 US 365, 372, 374, 57 LEd2d 274, 98 SCt 2396 (1978)(Constitutional power is merely the first hurdle that must be overcome in determining that a federal court has jurisdiction over a particular controversy. It is a fundamental precept that **federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction**, whether imposed by the Constitution or Congress, **must be neither disregarded nor evaded**).

19. The jurisdiction of federal courts is defined in the Constitution at Article III for judicial courts; in Article I for legislative courts; and in Article IV for territorial courts. Some courts created by Acts of Congress have been referred to as "Constitutional Courts", whereas others are regarded as "Legislative Tribunals". See O'Donoghue v. U.S., 289 US 516, 77 LEd 1356, 53 SCt 74 (1933); and Mookini v. U.S., 303 US 201, 205, 82 LEd 748, 58 SCt 543 (1938).

20. Legislative court judges do not enjoy Article III guarantees; "inherently judicial" tasks must be performed by judges deriving power under Article III. See U.S. v. Saunders, 641 F2d 659 (1980, CA9 Wash), cert den, 452 US 918, 69 LEd 422, 101 SCt 3055. The United States District Court creation and composition were accomplished by Acts of Congress on June 25, 1948 [62 Stat. 895], and November 13, 1963 [77 Stat. 331], currently codified at 28 U.S.C. § 132; and the jurisdiction thereof, previously demonstrated herein, i.e. Chapter 85 of Title 28, lists civil, admiralty, maritime, patent, bankruptcy, etc., and does not once list, mention, or describe any criminal jurisdiction whatsoever. It just is not there, so don't bother looking for it!

21. Acts of Congress creating the United States District Courts do not vest said territorial tribunals with any criminal jurisdiction; these courts have only such jurisdiction as is conferred upon them by Act of Congress under the Constitution. See Hubbard v. Ammerman, 455 F2d 1169 (5th Cir. 1972), cert den, 410 US 910, 35 LEd2d 272, 93 SCt 967.

22. The United States District Court is not a court of general jurisdiction, and has no other power bestowed upon it except as prescribed by Congress. See Graves v. Snead, 541 F2d 159 (6th Cir. 1976), cert den, 429 US 1093, 51 LEd2d 539, 97 SCt 1106.

23. It is apparent that the United States District Court for the Western Judicial District of New York was created and established under 28 U.S.C. § 132, and its jurisdiction is defined and limited by Chapter 85 of Title 28, United States Code.

24. The courts of appropriate jurisdiction for violations of Title 18 U.S.C. are designated at Section 3231, specifically naming them as "district courts of the United States" [sic]. cf. Federal Rules of Evidence, Rule 1101, Applicability of Rules, notes of Advisory Committee on Rules, paragraph 2.

25. There is a distinct and definite difference between a "United States District Court" and a "District Court of the United States". The words "District Court of the United States" commonly describe constitutional courts created under Article III of the Constitution, not the legislative courts which have long been the courts of the Territories. See International Longshoremen's & Warehousemen's Union v. Juneau Spruce Corp., 342 US 237, 241, 96 LEd 275, 72 SCt 235, 13 Alaska 536 (1952).

26. The term "district courts of the United States" is not the plural for "United States District Court". See 1 U.S.C. § 1, Rules of Construction, Words denoting number, gender, and so forth; 26 U.S.C. § 7402, (a)&(f)(district courts of the United States), (b)&(c)(district court of the United States), (e)(**United States District Courts**); and Federal Rules of Evidence, Rule 1101, Applicability of Rules, notes of Advisory Committee on Rules, supra, paragraphs 1, 3, and 5 (**United States District Courts**).

27. The term "District Court of the United States" commonly describes Article III courts or "courts of the United States", and not the legislative courts of the territories. See American Insurance Co. v. 356 Bales of Cotton, 26 US 1 Pet 511, 7 LEd 242 (1828); and International Longshoremen's & Warehousemen's Union v. Wirtz, 170 F2d 183 (1948, CA9 Hawaii), cert den, 336 US 919, 93 LEd 1082, 69 SCt 641 (1949), reh den, 336 US 971, 93 LEd 1121, 69 SCt 936 (1949).

28. It is obvious that the Article I legislative territorial tribunals convened under Article IV of the U.S. Constitution, more commonly known as "United States District Courts", are not the Article III "district courts of the United States" by their names as a "United States District Court" as distinct from "district court of the United States"; because the term or phrase "court of the United States" [sic] cannot be viewed in the name "United States District Court" whereas it can be viewed in the name "district court of the United States". cf. International Longshoremen's & Warehousemen's Union v. Wirtz, supra; and Federal Rules of Evidence, Rule 1101, Applicability of Rules, notes of Advisory Committee on Rules, paragraph 2, supra, viz (These various provisions do not in terms describe the same courts).

29. Though the judicial system set up in a territory of the United States is a part of federal jurisdiction, the phrase "court of the United States" when used in a federal statute is generally construed as not referring to "territorial courts". See Balzac v. Porto Rico, 258 US 298, 312, 66 LEd 627, 42 SCt 343 (1921). In Balzac, the High Court stated:

> **The United States District Court is not a true United States Court** established **under Article III of the Constitution** to administer the judicial power of the United States therein conveyed. **It is created** by the virtue of the sovereign congressional faculty, granted **under Article IV, Section 3,** of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court. [emphasis added]

30. The "district courts of the United States" ("DCUS") are constitutional courts vested by law with competent jurisdiction to entertain criminal prosecutions of Citizens of ONE OF the United States of America. See 18 U.S.C. § 3231. Statutes granting original jurisdiction to federal district courts must be strictly construed [numerous cites omitted here].

31. The "United States District Courts" ("USDC") are not constitutional courts vested by law with competent jurisdiction to entertain prosecutions of those Citizens. Confer at "Inclusio unius est exclusio alterius" in Black's Law Dictionary, Sixth Edition, page 763, supra.

32. The several 50 States of the Union are not "United States Districts"; they are judicial districts! Federal municipal law does not operate, of its own force, inside those judicial districts. Even though the District of Columbia and Puerto Rico are likewise judicial districts, federal municipal law can operate there because neither is a Union State. 28 U.S.C. §§ 88, 119.

Nevertheless, federal municipal law is likewise bound by all restrictions in the U.S. Constitution, because the U.S. Constitution was expressly extended into D.C. in 1871, and into all federal Territories in 1873. See 16 Stat. 419, 426, Sec. 34, and 18 Stat. 325, 333, Sec. 1891, respectively.

33. The distinction within the dual nature of the federal court system is also noted in Title 18 U.S.C. § 3241, Amendments 2002, which states that the United States District Court for the Canal Zone shall have jurisdiction "concurrently with the district courts of the United States, of offenses against the laws of the United States committed upon the high seas".

This distinction is the reason why federal jurisdiction over criminal prosecutions is more than a technical concept; it is constitutional requirement. See U.S. v. Johnson, 337 F2d 180, aff'd 383 US 169 (1966), 86 SCt 749, 15 LEd2d 681, cert den, 87 SCt 44, 134, and 385 US 846, 17 LEd2d 77, 117.

34. In order for a federal criminal statute to have general applicability and legal effect (to apply nationwide, outside federal Territories, etc.), Congress must first inform You, so that You are aware, that certain federal laws apply generally. This is done by promulgating Regulations in the Code of Federal Regulations (C.F.R.). cf. 44 U.S.C. § 1505(a)(1); and Code of Federal Regulations, U.S.C.S. to C.F.R., attached as Exhibit C.

35. There can be no complete collection of United States Code, having general applicability and legal effect over the entire united States of America [sic], because the subjects which would be proper to be regulated by a code in the states are entirely outside the legislative authority of Congress. See History of the D.C. Code, attached as Exhibit D.

36. The situs of the alleged criminal activity, that is to say, the exact geographical location wherein the criminal activity is alleged to have occurred, must come within the territorial jurisdiction of the sovereignty seeking to prosecute the accused. See U.S. v. Benson, supra; and Yenkichi Ito v. United States, 64 F2d 73, 75 (CA9, 1933)(It is a general rule of law that the crime must be committed within the territorial jurisdiction of the sovereignty seeking to try the offense in order to give that sovereign jurisdiction. In United States v. Smiley et al., 27 Fed Cas page 1132, No. 16317, Justice Field stated the rule as follows: "The criminal jurisdiction of the government of the United States -- that is, its jurisdiction to try parties for offenses committed against their laws...[T]he criminal jurisdiction of the United States is necessarily limited to their own territory...Their own territory is coextensive with their possessions).

37. Jurisdiction is not waived by a guilty plea and can be challenged after conviction by writ of habeas corpus; any judgment rendered without jurisdiction is violative of the Fifth Amendment Due Process Right Reserved in the Constitution. cf. Mitchell v. Maurer, supra; and see United States v. Osiemi, 980 F2d 344, 346 (1933, CA5 La)(A claim that an indictment fails to state an offense is a challenge to the jurisdiction of the convicting court and is not

waived by a guilty plea); <u>United States v. Anderson</u>, 60 FSupp 649, 650 (USDC WD Wash, 1945)(**Even the consent of the accused can not confer jurisdiction, and it is an issue that can be made at any stage of the proceedings, or raised after conviction and execution of judgment by way of Writ of Habeas Corpus**); and <u>Scott v. McNeal</u>, 154 US 34, 46, 38 LEd 896 (1893)(**No judgment of a court is due process of law, if rendered without jurisdiction in the court**).

38. Petitioner alleges, hereby, that it is impossible for the government to have established jurisdiction in the record of Petitioner's case absent the requisite Cession(s), and that no Grand Jury Criminal Indictment could possibly issue, or Grand Jury Minutes possibly exist, absent fraud, from an Article I legislative territorial tribunal, convened under Article IV, better known as the "United States District Court", vested with absolutely zero criminal jurisdiction. cf. <u>Chapter 85 of Title 28 U.S.C.</u>, supra; and see <u>United States v. Michael</u>, 180 F2d 55, 56 (CA Pa. 1949), cer den (1950) 339 US 978, 94 LEd 1383, 70 SCt 1023 (**The finding of an indictment is the function of the grand jury**); <u>28 U.S.C. § 1861</u>, Declaration of Policy (It is the policy of the United States that **all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries**); <u>United States v. Harris</u>, Criminal No. 06-001.24(ESH)(USDC DC, 2006)(Under Brady, **the government is required to disclose all exculpatory evidence "material either to guilt or punishment"**. 373 US at 87. Evidence is material if there is a reasonable probability that its disclosure could affect the outcome of the case); <u>McNally v. United States</u>, 483 US 350, 371-372 (Fraud in its elementary common law sense of deceit...**includes the deliberate concealment of material information** in a setting of fiduciary obligation. **A public official is a fiduciary toward the public...and if he deliberately conceals material information from them he is guilty of fraud**); <u>Walz v. Tax Commission of New York City</u>, 397 US 664, 678 (1970)(It is obviously correct that **no one acquires a vested or protected right in violation of the Constitution by long use, even when that span covers our entire national existence...**); and <u>U.S. v. Woodly</u>, 726 F2d 1328 (9th Cir. 1984)(**A practice condemned by the Constitution cannot be save by historical acceptance and present convenience**).

39. The meaning of the Constitution does not change to convenience the current Public beliefs and opinions. See <u>South Carolina v. United States</u>, 199 US 437, 448-450, 50 LEd 261 (1905)(**The Constitution is a written instrument. As such its meaning does not alter. That which it meant when it was adopted it means now.** Any other rule of construction would abrogate the judicial character of this court, and make it the reflex of the popular opinion or passion of the day. To determine the extent of the grants of power, we must, therefore, place ourselves in the position of the men who framed and adopted the Constitution, and inquire what they must have understood to be the meaning and scope of those grants);*²

40. The criminal prosecutions in these legislative tribunals are carried on in the name of the "UNITED STATES OF AMERICA" in order to avoid the judicial power of the "United States" under Article III of the Constitution; because they are incapable of receiving it in the first instance. Again, this is fraud through misrepresentation; which is apparent since the "United States", a real party in interest (Title 18 crime / federal courthouse), is not even listed as a party. The rules require that all parties be named and that an action must be prosecuted in the name of the real party in interest. See <u>Federal Rules of Civil Procedure</u>, Rules 10(a), 17, respectively; see also <u>McAllister v. United States</u>, 141 US 174, 35 LEd 693 (1891); <u>Mookini v. U.S.</u>, supra; and <u>Article III, Section 2, Clause 1</u>, U.S. Constitution (The judicial power shall extend to <u>all</u> Cases in Law and Equity, arising under this Constitution, the laws of the <u>United States</u>, and Treaties made, or which shall be made, under their Authority; [T]o all Cases of admiralty and maritime Jurisdiction; [T]o Controversies to which the <u>United States</u> shall be a Party).

41. The term "United States of America"** is conspicuously absent from all pertinent federal statutes. In all of Title 28 U.S.C. the term "United State of America" can be found in only one statute where it is used in direct counter distinction to the term "United States"; that is § 1746(1). The Federal employees do not have any authority or power of attorney whatsoever to represent the several 50 Union States as Plaintiffs. The several 50 States of the Union are each adequately represented by their own Attorney Generals. See 28 U.S.C. §§ 530(B), 547, and 28 U.S.C. §§ 1345, 1346, "United States" as Plaintiff, "United States" as Defendant, respectively.

42. Petitioner is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; is in custody in violation of the Constitution or laws or treaties of the United States.

43. Petitioner seeks relief on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States; the court was without jurisdiction to impose such sentence; and the sentence is subject to collateral attack.

44. Petitioner's unconstitutional conviction and continuing incarceration can not, and must not, be allowed to stand or continue for any reason. To hold otherwise would destroy the purpose, intent, and meaning of the entire United States Constitution. See Stone v. Powell, 428 US 465, 523, 49 LEd2d 1067, 96 SCt 3037 (1976)(Even if punishment of the "guilty" were society's highest value–and procedural safeguards denigrated to this end–in a Constitution that a majority of the Members of this court would prefer, that is not the ordering of priorities under the Constitution forged by the Framers, and this Court's sworn duty is to uphold that Constitution and not frame its own. The procedural safeguards mandated in the Framer's Constitution are not admonitions to be tolerated only to the extent they serve functional purposes that ensure that the "guilty" are punished and the "innocent" freed; rather; every guarantee enshrined in the Constitution, our basic charter and the guarantor of our most precious liberties, is by it endowed with an independent vitality and value, and this Court is not free to curtail those constitutional guarantees even to punish the most obviously guilty. **To sanction disrespect and disregard for the Constitution in the name of protecting society from lawbreakers is to make the government itself lawless and to subvert those values upon which our ultimate freedom and liberty depend.** [I]t is "a less evil that some criminals should escape than that the Government should play an ignoble part").


## Summary

The United States District Courts have no criminal jurisdiction whatsoever to prosecute a State Citizen within ONE OF the 50 States of the Union which comprises the United States of America, until and unless Congress says so. See United States v. Corey, 232 F3d 1166, 1176 (2000, CA9)(But **the Constitution leaves it to the political branches, not the courts, to determine the territory over which the United States enjoys legislative jurisdiction.** See, eg., First Nat'l City Bank v. Banco Nacional de Cuba, 406 US 759, 766, 32 LEd2d 466, 92 SCt 1808 (1972)(noting that the political branches and not the judiciary determine whether the United States exercises sovereignty over territory); Jones, 137 US at 212 (same)). cf. Article I, Section 8, Clause 17, U.S. Constitution.; Until and unless the federal government can prove ownership over said geographical

land mass, particularly that parcel of land which is the private real property of the Petitioner, and/or wherein Petitioner was when Petitioner committed the alleged criminal activity, the United States District Courts have no criminal jurisdiction whatsoever within the 50 Union States. See <u>United States v. Gliatta</u>, 580 F2d 156, 158 (CA5, 1978)(To secure exclusive or concurrent jurisdiction of property within a state's political boundaries, the federal government must either (1) comply with the requirements of Art. I, § 8, cl.17 of the Constitution, or (2) obtain a cession of legislative authority from the State in which the land is located. [footnote 6] **Absent the state's consent,** however, **the United States does not obtain exclusive or concurrent jurisdiction**); and <u>McEachin v. United States</u>, 432 A2d 1212, 1213-1214 (CA D.C., 1981)([A]s a prerequisite to the right of federal courts to exercise jurisdiction, it is required that the state in which the base is located either have relinquished all rights over its land by cession to the United States, or have consented to the purchase or condemnation of its land to the federal government. [footnote 4] **It has long been held that the term "exclusive Legislation" is the same as "exclusive jurisdiction"**); Not a single Act of Congress vests the United States District Courts, as distinct from District Courts of the United States, with anything but "civil" authority. There is absolutely no criminal jurisdiction vested in said territorial tribunals. cf. <u>Chapter 85 of Title 28 U.S.C.</u>, supra. The judgment of conviction is void.*[3]

<u>Remedy Demanded</u>

Accordingly, all premises having been duly considered here, Petitioner now respectfully demands that this Article IV United States District Court:

1) Establish exclusive jurisdiction by producing certified documents consisting of the following:

   a. Documentation showing "United States" (federal government) ownership of each and every geographical location mentioned in the indictment, wherein the alleged criminal activity took place;

   b. Documentation from the New York Legislature which provides evidence of a cession by New York state surrendering jurisdiction to the "United States" (federal government) over the same geographical location as stated in (a) above;

   c. Documentation pursuant to <u>Title 40 U.S.C. § 255</u> (now § 3112), wherein the "United States" (federal government) accepted jurisdiction to the same geographical location as stated in (a) above, or, documentation showing concurrent jurisdiction with New York state over the geographical location as states in (a) above.

2) Produce certified portions of the Grand Jury Minutes proving, in the interests of justice, that:

   a. Criminal territorial jurisdiction (exclusive legislative jurisdiction) by Cession, pursuant to <u>Article I, Section 8, Clause 17</u>, U.S. Constitution, and <u>18 U.S.C. § 7(3)</u>, cf. <u>18 U.S.C. § 5</u> "United States" defined, was established by the government, and presented to the Grand Jury for their consideration, in order to ascertain, beyond a reasonable doubt, that a lawful and binding criminal indictment, free of any fatal defects, was issued by the grand Jury;

b. The Cession(s), proving exclusive legislative jurisdiction, where not improperly withheld from the Grand Jury for their consideration, in order to eliminate all doubt that the outcome of Petitioner's case was not affected by the withholding, and to substantiate that the record does not reflect an unconstitutional, hence illegal, conviction.

See United States v. General Motors, 352 FSupp 1071, 1072 (USDC ED MI, 1973)(In any event, in large part **the secrecy of the Grand Jury ends when it returns an indictment and is then discharged**); Metzler v. United States, 64 F2d 203, 206 (1933, CA9)(Where the ends of justice can be furthered thereby and when the reasons for secrecy no longer exist, the policy of the law requires that the veil of secrecy be raised); Hertzog v. United States, __ US __ , 99 LEd 1299, 1302 (1955)([T]he veil of secrecy can be lifted from the grand jury minutes when "the ends of justice can be furthered thereby"); United States v. Socony-Vacuum Oil Co., 310 US 150, 233, 84 LEd 1129 (1940)([A]fter the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it); and Pittsburg Plate Glass Co. v. United States, 360 US 395, 400, 3 LEd2d 1323, 79 SCt 1237 (1959)(Certainly "disclosure is wholly proper where the ends of justice require it").

3) Produce certified portions of the record proving that:

a. Exclusive legislative jurisdiction was established in the record;

See FW/PBS, Inc. v. Dallas, 493 US 215, 107 LEd2d 603, 110 SCt 596 (1990)(It is a long-settled principle that standing cannot be "inferred argumentatively from averments in the pleadings",...but rather "must affirmatively appear in the record"...(**facts supporting Article III jurisdiction must "appea[r] affirmatively from the record**"); And it is the burden of the "party who seeks the exercise of jurisdiction in his favor,"..."clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute"...Thus petitioner's in this case must "allege...facts essential to show jurisdiction. If [they] fai[l] to make the necessary allegations, [they have] no standing")[citations omitted].

4) Grant Petitioner bail in the form of a personal recognizance bond, or other appropriate bond as this court deems would be satisfactory under the circumstances, pending Petitioner's habeas corpus proceeding. See Shepard v. Taylor, 433 FSupp 984, 988 (USDC SD NY, 1977)(While there is no specific statute authorizing a grant of bail by the district court during the pendency of a habeas corpus proceeding, **the court inherently possesses the power to grant such bail in unusual circumstances**).

5) Alternatively, absent the requisite documentation, Petitioner hereby demands that this Article IV United States District Court:

a. Perform and fulfill its non-discretional duty by forthwith awarding Petitioner's Void Judgment Motion pursuant to Federal Rules of Civil Procedure, Rule 60(b)(4), with proper Findings of Fact and Conclusions of Law; rebutting same, point for point, on the merits.***

See U.C.C. 1-201 (31), "Presumption" or "presumed" means that **the trier of fact must find the existence of the fact presumed** unless and **until evidence is introduced which would support a finding of its nonexistence.**

b. Immediately release Petitioner from custody;

c. Expunge Petitioner's record and provide Petitioner's fingerprints;

d. Order the destruction of all of Petitioner's D.N.A. samples and all records pertaining to same;

e. Provide Petitioner all other just and proper relief, under the circumstances.

Cum adsunt testimonia rerum, quid opus est verbis?

## Verification

I, Shane-Christopher: Buczek, Sui Juris, Petitioner in the above entitled matter, hereby verify under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statements of facts and laws are true and correct, according to the best of My current information, knowledge, and belief, so help Me God, pursuant to 28 U.S.C. § 1746(1).

Dated: _January 19, 2011_

Respectfully submitted,
/s/ Shane-Christopher: Buczek

Executor of the Estate,
Beneficiary of the Trust, Grantor/Settler by: _Shane-Christopher: Buczek_
Shane-Christopher: Buczek, Sui Juris, In Propria Persona, Federal Witness
Sovereign New York state Republic Citizen
expressly not a citizen of the "United States" (federal citizen)
All Rights Reserved without Prejudice U.C.C. 1-207, 1-308

## Proof of Service

I, Shane-Christopher: Buczek, Sui Juris, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that I am at least 18 years of age, a Citizen of ONE OF the United States of America, expressly not a citizen of the "United States" (federal citizen), and that I personally served the following document(s): (Clerk will serve Gov't, via electronic filing, per court order)

Void Judgment Motion
Federal Rules of Civil Procedure, Rule 60(b)(4)
Federal Rules of Evidence, Rules 301, 302

by placing one true and correct copy of said document(s) in first class United States Mail, with postage prepaid and addressed to the following:

✓Barack Obama
President of the United States
1600 Pennsylvania Ave.
Washington, DC 20500

✓Attorney General
State Capital Rm 220
Albany, 12224
NEW YORK, USA

Clerk's Office
United States District Court for the
Western Judicial District of New York
68 Court St., Room 304
Buffalo, 14202
NEW YORK, USA

Office of Government Ethics
Suite 500
1201 New York Avenue, N.W.
Washington, DC 20005-3917

Director
c/o Senior District Judge Ronald M. Whyte
Administrative Office of the U.S. Courts
1 Columbus Circle, N.E.
Washington, DC 20544

American Bar Association
740 15th Street, N.W.
Washington, DC 20005-1019

New York State Bar Association
One Elk St.
Albany, 12207
NEW YORK, USA

The Office of Professional Responsibility
United States Department of Justice
950 Pennsylvania Avenue, Room 4304
Washington, DC 20530

Dated: January 19, 2011

Respectfully submitted,
/s/ Shane-Christopher: Buczek

Executor of the Estate,
Beneficiary of the Trust, Grantor/Settler by: _Shane-Christopher: buczek_
Shane-Christopher: Buczek, Sui Juris, In Propria Persona, Federal Witness
Sovereign New York state Republic Citizen
expressly not a citizen of the "United States" (federal citizen)
All Rights Reserved without Prejudice U.C.C. 1-207, 1-308

Vigiantibus et non dormientibus jura subveniunt

### Footnotes

* The real Interstate Commerce Act, which reflects the true meaning of the Article I, Section 8, Clause 3 Commerce Clause Power under the U.S. Constitution, can be found at 49 U.S.C. §§ 10101 et seq.; See Title 49 U.S.C., Subtitle IV, Interstate Transportation, History, Ancillary Laws and Directives, Explanatory notes (**This Subtitle** (49 U.S.C. §§ 10101 et seq.), **formerly entitled "INTERSTATE COMMERCE"**); see also 18 U.S.C. § 6001(1), Amendments, 1995 ("**Interstate Commerce Commission** [now **Surface Transportation Board**]").

Curiously enough, the "Interstate Commerce" Act, 49 U.S.C. §§ 10101, et seq., Subtitle IV, Interstate Transportation, lists these "surface" modes of transportation;

Part A: Rail
Part B: Motor Carriers, Water Carriers, Brokers, and Freight Forwarders
Part C: Pipeline Carriers

See also 28 U.S.C. § 1336, and Chapter 157 Surface Transportation Board Orders, Enforcement and Review; It should also be noted that Rules and Regulations are promulgated in the Code of Federal Regulations (C.F.R.) pursuant to 49 U.S.C. §§ 10101 et seq.

[2] U.S. v. Bevans, 16 US 3 (Wheat) 336, 4 LEd 404 (1818).

*[2] see also Mattox v. United States, 156 US 237, 243, 39 LEd 409 (1895)(**We are bound to interpret the Constitution in the light of the law as it existed at the time is was adopted**).

** The term "United States of America" means the several States (50 Union States) united. The term "United States" means Congress (the federal government). See The Articles of Confederation, Article I (The Style of this confederacy shall be **"The United States of America"**); and Article II (Each state retains its sovereignty, freedom and independence, and every Power, Jurisdiction and right, which is not by this confederation expressly delegated to **the United States, in Congress assembled**).

*[3] see Federal Rules of Civil Procedure, Rule 60(b), Relief for Other Reasons: Core Concept; In its discretion, the district court may grant a motion for relief from a final judgment, order, or proceeding for various enumerated reasons.

Void Judgment: Relief may be granted where the judgment or order is void because the court lacked jurisdiction over the subject matter, lacked personal jurisdiction over the parties, acted in some manner inconsistent with constitutional due process, or otherwise acted beyond the powers granted to it under the law. See United States v. Berke, 170 F3d 882, 883 (9th Cir., 1999); Eberhardt v. Integrated Design & Const. Inc., 167 F3d 861, 871 (4th Cir., 1999); Grun v. Pneumo Abex Corp., 163 F3d 411, 422 (7th Cir., cert den, ___ US ___, 119 SCt 1496, 143 LEd2d 651 (1999); Carter v. Fenner, 136 F3d 1000, 1006 (5th Cir., 1998), cert den, ___ US ___, 119 SCt 591, 142 LEd2d 534 (1998).

When a motion challenges a judgment as void, the district court lacks discretion: either the judgment is void (in which case relief must be granted) or it is not. See Carter v. Fenner, supra at 1005.

Note: A wrong judgment is not void; only those judgments entered beyond the courts authority are "void". See United States v. Berke, supra; Eberhardt v. Integrated Design & Const. Inc., supra; In re Crivello, 134 F3d 831, 838 (7th Cir., 1998); and Chambers v. Armontrout, 16 F3d 257, 260 (8th Cir., 1994).

Time for motion: All motions under Rule 60(b) must be made within a "reasonable" time, except •Void Judgments: Motions cab be made at anytime. See Hertz Corp. v. Alamo Rent-A-Car Inc., supra.

*** Obviously if jurisdiction cannot be waived nor acquiesced by the accused, then the indictment contains a constitutional defect fatal to the indictment which cannot be cured by the verdict. The court either had jurisdiction to proceed in the first instance or it did not. See Sutton v. United States, 157 F2d 661, 666 (CA5, 1946)(**A constitutional defect in an indictment is not cured by the verdict**).

Circuit courts were changed to courts of appeal by Act of March 3, 1891, then United States District Courts [sic] were reorganized and set by Act of March 3, 1911 (Sixty-First Congress, Sess. III, Chap. 231, pp. 1087 et seq. [Public No. 475]). The nature of United States District Courts [sic] is revealed in the Act at 9: "The district courts, as **courts of admiralty** and as **courts of equity...**". In fact, court decisions disclose that **they have only admiralty and vice admiralty capacities** and, in effect, they either accommodate private international law or **they serve as administrative law courts**. See 5 U.S.C. § 701 et seq.

If the doctrine of stare decisis has any meaning at all, it requires that People in their everyday affairs be able to rely on the decisions of the U.S. Supreme Court and not be needlessly penalized for such reliance. See U.S. v. Mason, 412 US 391, 399-400 (1973).

The law of jurisdiction is fundamental law, not allowing dubious intrusions of any kind. It does not afford the federal government leeway to circumvent the Constitution (the Supreme Law of the Land), and prosecute in an arbitrary and capricious fashion as was done Petitioner.

Fundamental Law: The law which determines the constitution of government in a nation or state, and prescribes and regulates the manner of its exercise. The organic law of a nation or state; **its Constitution**. Black's Law Dictionary, Sixth Edition.

Federal Criminal Jurisdiction

It is a well established principle of law that "all federal legislation applies only within the territorial jurisdiction of the United States unless a contrary intent appears"; see Caha v. United States, 152 US 211, 215, 14 SCt 513 (1894); American Banana Company v. United States Fruit Company, 213 US 347, 357, 29 SCt 511 (1909); United States v. Bowman, 260 US 94, 97, 98, 43 SCt 39 (1922); Blackmer v. United States, 284 US 421, 437, 52 SCt 252 (1932); Foley Bros. v. Filardo, 336 US 281, 69 SCt 575 (1949); United States v. Spelar, 338 US 217, 70 SCt 10 (1949); and United States v. First National City Bank, 321 F2d 14, 23 (2nd Cir., 1963). And this principle of law is expressed in a number of cases from the federal appellate courts; see McKeel v. Islamic Republic of Iran, 72 F2d 582, 589 (9th Cir., 1983)(holding the Foreign Sovereign Immunities Act as territorial); Meredith v. United States, 330 F2d 9, 11 (9th Cir., 1964)(holding the Federal Torts Claims Act as territorial); United States v. Cotroni, 527 F2d 708, 711 (2nd Cir., 1975)(holding federal wiretap law as territorial); Stowe v. Devoy, 588 F2d 336, 341 (2nd Cir., 1978); Cleary v. United States Lines Inc., 728 F2d 607, 609 (3rd Cir., 1984)(holding federal age discrimination laws as territorial); Thomas v. Brown & Root Inc., 745 F2d 279, 281 (4th Cir., 1984)(holding same as Cleary, supra); United States v. Mitchell, 553 F2d 996, 1002 (5th Cir., 1977)(holding marine mammals protection act as territorial); Pfeiffer v. William Wrigley Jr. Co., 755 F2d 554, 557 (7th Cir., 1985)(holding age discrimination laws as territorial); Airline Stewards & Stewardesses Assn. v. Northwest Airlines Inc., 267 F2d 170, 175 (8th Cir., 1959)(holding Railway Labor Act as territorial); Zahourek v. Arthur Young and Co., 750 F2d 827, 829 (10th Cir., 1984)(holding age discrimination laws as territorial); Commodities Futures Trading Comm. v. Nahas, 738 F2d 487, 493 (D.C. Cir., 1984)(holding commission's subpoena power under federal law as territorial); Reyes v. Secretary of H.E.W., 476 F2d 910, 915 (D.C. Cir., 1973)(holding administration of Social Security Act as territorial); and Schoenbaum v. Firstbrook, 268 FSupp 385, 392 (S.D.N.Y., 1967)(holding securities act as territorial). But, because of statutory language, certain federal drug laws operate extra-territorially; see United States v. King, 552 F2d 833, 851 (9th Cir., 1976). The United States has territorial jurisdiction only in Washington, D.C., the federal enclaves within the States, and in the territories and insular possessions of the "United States". However, it has no territorial jurisdiction over non-federally owned areas inside the territorial jurisdiction of the States within the American Union. And this proposition of law is supported by literally hundreds of cases.

As a general rule, the power of the United States criminally to prosecute is for the most part, confined to offenses committed within "its jurisdiction". This is born out simply by examination of Title 18 U.S.C. Section 5, which defines the term "United States" in clear jurisdictional terms. Section 7 contains the fullest statutory definition of the "jurisdiction of the United States" [sic]. The United States District Courts have jurisdiction of offenses occurring within the "United States", pursuant to Title 18 U.S.C. Section 3231.

Examples of this proposition are numerous. In Pothier v. Rodman, 291 F 311 (1st Cir., 1923), the question involved whether a murder committed at Camp Lewis Military Reservation in the State of Washington was a federal crime. Here, the murder was committed more than a year before the U.S. acquired a deed for the property in question. Pothier was arrested and incarcerated in Rhode Island and filed a Habeas Corpus petitions seeking his release on the grounds that the federal courts had no jurisdiction over an offense not committed in U.S. jurisdiction. The first Circuit agreed that there was no federal jurisdiction and ordered his release. But, on appeal to the U.S. Supreme Court, in Rodman v. Pothier, 264 US 399, 44 SCt 360 (1924), that Court reversed; although agreeing with the jurisdiction principles enunciated by the First Circuit, it was held

1

that only the federal court in which Bowen was convicted had the issue. In United States v. Unzeuta, 35 F2d 750 (8th Cir., 1929), the Eighth Circuit held that the U.S. had no jurisdiction over a murder committed in a railroad car at Fort Robinson, the state cession statute being construed as not including railroad rights-of-way. This decision was reversed in United States v. Unzeuta, 281 US 138, 50 SCt 284 (1930), the court holding that the U.S. did have jurisdiction over the railroad rights-of-way in Fort Robinson. In Bowen v. Johnston, 97 F2d 860 (9th Cir., 1938), the question presented was whether jurisdiction over an offense prosecuted in federal court could be raised in a petition for Habeas Corpus. The denial of Bowen's petition was reversed in Bowen v. Johnston, 306 US 19, 59 SCt 442 (1939), the Court concluding that such a jurisdictional challenge could be raised in a Habeas Corpus petition. But, the Court then addressed the issue, and found that the U.S. both owned the property in question and had a state legislative grant ceding jurisdiction to the United States, thus there was jurisdiction in the United States to prosecute Bowen. But, if jurisdiction is not vested in the United States pursuant to statute, there is no jurisdiction; see Adams v. United States, 319 US 312, 63 SCt 1122 (1943).

And the lower federal courts also require the presence of federal jurisdiction in criminal prosecutuions. In Kelly v. United States, 27 F 616 (D.Me., 1985), federal jurisdiction of a manslaughter committed at Fort Popham was upheld when it was shown that the U.S. owned the property where the offense occured and the state had ceded jurisdiction. In United States v. Andem, 158 F 996 (D.N.J., 1908), federal jurisdiction for a forgery offense was upheld on a showing that the United States owned the property where the offense was committed and the state had ceded jurisdiction of the property to the U.S. In United States v. Penn, 48 F 669 (E.D.Va., 1880), since the U.S. did not have jurisdiction over Arlington National Cemetery, a federal larceny prosecution was dismissed. In United States v. Lovely, 319 F2d 673 (4th Cir., 1963), federal jurisdiction was found to exist by U.S. ownership of the property and a state cession of jurisdiction. In United States v. Watson, 80 FSupp 649 (E.D.Va., 1948), federal criminal charges were dismissed, the court stating as follows:

> Without proof of the requisite ownership or possession of the United
> States, the crime has not been made out 80 FSupp, at 651.

In Brown v. United States, 257 F 46, (%th Cir., 1919), federal jurisdiction was upheld on the basis that the U.S. owned the post office site where a murder was committed and the state had ceded jurisdiction; see also England v. United States, 174 F2d 466 (5th Cir., 1949); Krull v. United States, 240 F2d 122 (5th Cir., 1957); Hudspeth v. United States, 223 F2d 848 (5th Cir., 1955); and Gainy v. United States, 324 F2d 731 (5th Cir., 1963). In United States v. Townsend, 474 F2d 209 (5th CIr., 1973), a conviction for receiving stolen property was reversed when the court reviewed the record and learned that there was absolutely no evidence disclosing that the defendant had committed this offense within the jurisdiction of the United States. And in United States v. Benson, 495 F2d 475 (5th Cir., 1974), in finding federal jurisdiction for robbery committed at Fort Rucker, the court said:

> It is axiomatic that the prosecution must always prove territorial
> jurisdiction over a crime in order to sustain a conviction therefore
> 485 F2d, at 481.

In two Sixth Circuit cases, United States v. Tucker, 122 F 518 (W.D.Ky., 1903), a case involving an assault committed at a federal dam, and United States v. Blunt, 588 F2d 1245 (6th Cir., 1977), a case involving an assault within a federal penitentiary, jurisdiction was sustained by finding that the U.S. owned the property in question and the state involved had ceded jurisdiction. In re

when the court held that the state cession statute in question was not adequate to convey jurisdiction of the property in question to the United States. In United States v. Johnson, 426 F2d 1112 (7th Cir., 1970), a case involving a federal burglary prosecution, federal jurisdiction was sustained upon the showing of U.S. ownership and cession. And cases from the Eighth and Tenth Circuits likewise require the same elements to be shown to demonstrate the presence of federal jurisdiction; see United States v. Heard, 270 FSupp 198 (W.D.Mo., 1967); United States v. Redstone, 488 F2d 300 (8th Cir., 1973); United States v. Goings, 504 F2d 809 (8th Cir., 1974)(demonstrating loss of jurisdiction); Hayes v. United States, 367 F2d 216 (10th Cir., 1966); United States v. Carter, 430 F2d 1278 (10th Cir., 1970); Hall v. United States, 404 F2d 1367 (10th Cir., 1969); and United States v. Cassidy, 571 F2d 534 (10th Cir., 1878).

Of all the circuits, the Ninth Circuit has addressed jurisdiction issues more than any of the rest. In United States v. Bateman, 34 F 86 (N.D.Cal., 1888), it was determined that the United States did not have jurisdiction to prosecute for a murder committed at the Presidio because California had never ceded jurisdiction; see also United States v. Tully, 140 F 899 (D.Mon., 1905). But later, California ceded jurisdiction for the Presidio to the United States, and it was held in United States v. Watkins, 22 F2d 437 (N.D.Cal., 1927), that this enabled the U.S. to maintain a murder prosecution; see also United States v. Holt, 168 F 141 (W.D.Wash., 1909), United States v. Lewis, 253 F 469 (S.D.Cal., 1918), and United States v. Wurtzbarger, 276 F 753 (D.Or., 1921). Because the U.S. owned, and had a state cession of jurisdiction for, Fort Douglas in Utah, it was held that the U.S. had jurisdsiction for a rape prosecution in Rogers v. Squier, 157 F2d 948 (9th Cir., 1946). But, without a cession, the U.S. has no jurisdiction; see Arizona v. Manypenny, 445 FSupp 1123 (D.Ariz., 1977).

The above cases from the U.S. Supreme Court and federal appellate courts set forth the rule that in criminal prosecutions, the government, as the party seeking to establish the existence of federal jurisdiction, must prove U.S. ownership of the property in question and a state cession of jurisdiction. This same rule manifests itself in state cases. State courts are courts of general jurisdiction and in a state criminal prosecution, the state must only prove that the offense was committed within the state and a county thereof. If a defendant contends that only the federal government has jurisdiction over the offense, he, as proponent for the existence of federal jurisdiction, must likewise prove U.S. ownership of the property where the crime was committed and state cession of jurisdiction.

Examples of the operation of this principle are numerous. In Arizona, the State has jurisdiction over federal lands in the public domain, the state not having ceded jurisdiction of that property to the U.S.; see State v. Dykes, 114 Ariz. 592, 562 P2d 1090 (1977). In California, if it is not proved by a defendant in a state prosecution that the state has ceded jurisdiction, it is presumed the state does have jurisdiction over a criminal offense; see People v. Brown, 69 CalApp2d 602, 159 P2d 686 (1945). If the cession exists, the state has no jurisdiction; see People v. Mouse, 203 Cal 782, 265 P 944 (1928). In Montana, the state has jurisdiction over property if it is not proved there is a state cession of jurisdiction to the U.S.; see State ex rel Parker v. District Court, 147 Mon 151, 410 P2d 459 (1960); the existence of a state cession of jurisdiction to the U.S. ousts the state of jurisdiction; see State v. Tully, 31 Mont 365, 78 P 760 (1904). The same applies in Nevada; see State v. Mack, 23 Nev 359, 47 P 763 (1897), and Pendleton v. State, 734 P2d 693 (Nev., 1987); it applies in Oregon; see State v. Chin Ping, 91 Or 593, 176 P 188 (1918) and State v. Aguilar, 85 OrApp 410, 736 P2d 620 (1987); and in Washington; see State v. Williams, 23 WashApp 694, 598 P2d 731 (1979).

In People v. ____ an IRS office was held to be within state jurisdiction, the court holding that the defendant was required to prove existence of federal jurisdiction by U.S. ownership of the property and state cession of jurisdiction. In two cases from Michigan, larcenies committed at U.S. Post Offices which were rented were held to be within state jurisdiction; see People v. Burke, 161 Mich 397, 126 NW 446 (1910) and People v. Van Dyke, 276 Mich 32, 267 NW 778 (1936); see also In re Kelly, 311 Mich 596, 19 NW2d 218 (1945). In Kansas City v. Garner, 430 SW2d 630 (Mo. App. 1968), state jurisdiction over a theft offense occurring in a federal building was upheld, and the court stated that a defendant had to show federal jurisdiction by proving U.S. ownership of the building and a cession of jurisdiction from the state to the United States. A similar holding was made for a theft at a U.S. missile site in State v. Rindall, 146 Mon 64, 404 P2d 327 (1965). In Pendleton v. State, 734 P2d 693 (Nev., 1987), the state court was held to have jurisdiction over a DUI ("driving under the influence") committed on federal lands, the defendant having failed to show U.S. ownership and state cession of jurisdiction.

In People v. Gerald, 40 Misc2d 819, 243 NYS2d 1001 (1963), the state was held to have jurisdiction of an assault at a U.S. Post Office since the defendant did not meet his burden of showing presence of federal jurisdiction; and because a defendant failed to prove title and jurisdiction in the United States for an offense committed at a customs station, state jurisdiction was upheld in People v. Fisher, 97 AD2d 651, 469 NYS2d 187 (A.D. 3 Dept., 1983). The proper method of showing federal jurisdiction in state court is demonstrated by the decision in People v. Williams, 136 Misc2d 294, 518 NYS2d 751 (1987). This rule was likewise enunciated in State v. Burger, 33 OhioApp3d 231, 515 NE2d 640 (1986), in a case involving a DUI offense committed on a road near a federal arsenal.

In Kuerschner v. State, 493 P2d 1402 (Okl.Cr.App., 1972), the state was held to have jurisdiction of a drug sales offense at an Air Force Base, the defendant not having attempted to prove federal jurisdiction by showing title and jurisdiction of the property in question in the United States; see also Towry v. State, 540 P2d 597 (Okl.Cr.App., 1975). Similar holdings for murder committed at U.S. Post Offices were made in State v. Chin Ping, 91 Or 593, 176 P 188 (1918), and in United States v. Pate, 393 F2d 44 (7th Cir., 1968). Another Oregon case, State v. Aguilar, 85 OrApp 410, 736 P2d 620 (1987), demonstrates this rule. And finally, in Cutty v. State, 111 TexCr 264, 12 SW2d 796 (1928), it was held that, in the absence of proof that the state had ceded jurisdiction of a place to the United States, the state court had jurisdiction over the offense.

Therefore, in federal criminal prosecutions, the government must prove the existence of federal jurisdiction by showing U.S. ownership of the place where the crime was committed and state cession of jurisdiction. If the government contends for the power criminally to prosecute for an offense occurring outside "its jurisdiction" it must prove an extra-territorial application of the statute in question as well as a constitutional foundation supporting the same. Absent this showing, no federal prosecution can be commenced for offenses committed outside "its jurisdition", i.e. the federal zone.

---

**UNITED STATES OF AMERICA, v. SHANE C. BUCZEK, Defendant.**
**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK**
**2010 U.S. Dist. LEXIS 25868**
**08-CR-54S**
**March 15, 2010, Decided**
**March 16, 2010, Filed**

---

**Editorial Information: Prior History**

United States v. **Buczek**, 2010 U.S. Dist. LEXIS 17271 (W.D.N.Y., Feb. 26, 2010)

**Counsel**          Shane C. **Buczek**, Defendant, Pro se, Derby, NY.
          For Shane C. **Buczek**, Defendant: Brian P. Comerford, LEAD
ATTORNEY, Federal Public Defender, Buffalo, NY.
          For USA, Plaintiff: Anthony M. Bruce, Maura O'Donnell, LEAD
ATTORNEYS, U.S. Attorney's Office, Buffalo, NY.

**Judges:** WILLIAM M. SKRETNY, Chief Judge, United States District Judge.

Opinion

**Opinion by:**          WILLIAM M. SKRETNY

Opinion

## ORDER

1. Trial in this criminal prosecution will begin on Tuesday, April 6, 2010, at 9:30 a.m., with jury selection. The defendant, Shane C. **Buczek**, has knowingly and voluntarily elected to defend himself in this action, despite this Court's explicit warnings that doing so will likely be to his detriment. (Docket No. 169.) Currently before this Court are several of Defendant's pretrial requests for relief, all of which are denied.

2. On February 22, 2010, Defendant filed a document entitled "Global Demand to Recuse AUSA Anthony Bruce, Kathleen M. Mehltretter, Mary C. Baumgarten, [et al.] & ALL AUS Attorney's In Western District of New York Attorney Office for Conflict of Interest." (Docket No.170.)

Defendant seeks disqualification of all attorneys in the United States Attorney's Office based on alleged ethical violations, including conflict of interest and the appearance of partiality. Defendant's motion is premised on New York County Law 701, which does not apply in federal court proceedings. Defendant's motion is also based on alleged "egregious conduct in pretrial proceedings," and an alleged conflict of interest arising out of a civil suit claiming vindictive prosecution that Defendant recently filed against Assistant United States Attorney Anthony M. Bruce and others. 1

Having reviewed Defendant's motion, this Court finds no cause for recusal and no cause to proceed with a hearing on the issue. Although this Court offers no opinion on the merits of the civil action, it finds that Defendant has not made a threshold showing that recusal of the prosecutors in this case, let alone the entire United States Attorney's Office, is warranted. Indeed, the lead prosecutor, Maura O'Donnell, only recently assumed that role, and she is not named in either the present recusal motion or the civil suit filed by Defendant. Defendant's motion is therefore denied.

lybcases                                    1

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

3. On February 25, 2010, Defendant filed a document entitled "Notice of Mistake With Declaration in Support/Notice of Election of a Choose In Action and Conversion on All Liability." (Docket No. 171.) He filed an amended version of this document on March 15, 2010. (Docket No. 180.) These documents assert that the magistrate judge assumed a surety relationship with Defendant by virtue of entering a not guilty plea to the indictment on his behalf. Rule 11(a)(4) of the Federal Rules of Criminal Procedure, however, requires the court to enter a not guilty plea on behalf of a defendant who refuses to enter a plea. Accordingly, the magistrate judge acted properly and according to law. To the extent these submissions seek relief, they are denied.

4. On March 1, 2010, Defendant filed a document concerning judicial notice, which is approximately 40 pages of definitions and declarations that are consistent with his "redemption" theories, including (1) that this court is a "foreign court," (2) that judges serve as debt collectors, and (3) that courts are operating under the "emergency war powers act." (Docket No. 172.)

The title of the document is "Mandatory Judicial Notice" and the caption includes "Judicial Notice; Notice to the Administrative Court." It appears that this is a document in which *Defendant* is purporting to provide some sort of public, administrative notice or *himself* taking judicial notice of certain theories. But even that is somewhat unclear.

To the extent this document can be construed as a request for this Court to take judicial notice of anything contained therein, this Court finds that the request does not fit within Rule 201 of the Federal Rules of Evidence, which governs judicial notice. As such, any request for judicial notice that can be gleaned from this document is denied.

There is also some suggestion in the document that this is an Article I administrative court and that this court lacks jurisdiction. This is plainly incorrect. This is an Article III United States District Court and proper jurisdiction over this federal criminal case is indisputable. To the extent Defendant's filing can be read as a request to dismiss the indictment for lack of jurisdiction, it is denied.

5. On March 9, 2010, Defendant filed a "Global Demand to Dismiss for Malicious, Selective, Vindictive Prosecution and Disqualification of AUSA Anthony Bruce." (Docket No. 176.) Defendant seeks dismissal of the indictment and disqualification of Mr. Bruce. Both requests hinge on Defendant's belief that no "real party of interest" has been identified, and thus, this prosecution has been vindictive. This request is also based on the allegation that Mr. Bruce demanded that Defendant accept a plea disposition.

Defendant's "real party of interest" and other like arguments based on tax-protestor or redemption theories are incorrect as a matter of law, irrelevant in these criminal proceedings, and inadmissible at trial, except for the limited purposes discussed in this Court's decision resolving the motions in limine. These theories offer no basis for dismissal of the indictment, nor do they require the disqualification of Mr. Bruce, who, in any event, is no longer the lead prosecutor in this case. 2 Further, there is no evidence from which it can be concluded that Mr. Bruce improperly demanded that Defendant accept a plea offer. Defendant's motion is therefore denied.

6. Defendant has the constitutional right to defend himself in this case, and this Court has found that, although unwise, Defendant is exercising that right knowingly and voluntarily. This Court again warns Defendant that representing himself will likely prove a grave error in judgment, particularly given the disparity in legal knowledge and skill between himself and the prosecutors. Defendant will be (1) held to the Rules of Evidence and Criminal Procedure; (2) precluded from speaking in the first person, as though testifying; and (3) precluded from voicing personal observations when speaking to the jury, questioning witnesses, or commenting on the evidence. Defendant cannot make statements without limitation, cannot receive advice from this Court on rules or legal matters, and cannot have

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

co-counsel. Mr. Comerford has been appointed to serve as stand-by counsel, which is an advisory role. While respecting Defendant's constitutional rights, this Court urges Defendant in the strongest possible terms to allow Mr. Comerford to act as his attorney and defend him in this case.

IT HEREBY IS ORDERED, that Defendant's "Global Demand to Recuse AUSA Anthony Bruce, Kathleen M. Mehltretter, Mary C. Baumgarten, [et al.] & ALL AUS Attorney's In Western District of New York Attorney Office for Conflict of Interest" (Docket No.170) is DENIED.

FURTHER, that to the extent they seek relief, Defendant's "Notice of Mistake With Declaration in Support/Notice of Election of a Choose In Action and Conversion on All Liability" and amended version of that document (Docket Nos. 171, 180) are DENIED.

FURTHER, that to the extent it seeks relief, Defendant's "Mandatory Judicial Notice" (Docket No. 172) is DENIED.

FURTHER, that Defendant's "Global Demand to Dismiss for Malicious, Selective, Vindictive Prosecution and Disqualification of AUSA Anthony Bruce" (Docket No. 176) is DENIED.

SO ORDERED.

Dated: March 15, 2010

Buffalo, New York

/s/ William M. Skretny

WILLIAM M. SKRETNY

Chief Judge

United States Distrct Court

**Footnotes**

1

Defendant seeks $ 1.954 billion in damages in the civil suit.

2

Again, this Court offers no opinion on the merits of Defendant's civil suit.

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

Exhibit "C"

TABLE I—AUTHORITIES

USCS TO CFR

start⟹

end⟵

802

803

# HISTORY OF THE D.C. CODE

after the courts of New York, and a new judicial system was established, of which the principal author was a senator from New York, without the least consultation with the people or the legal profession of the District, entirely foreign to our tastes and habits, and which it took us many years to understand. A general incorporation law was passed, the Metropolitan Police created, a new law as to limited partnerships introduced and divorces authorized, the rights of married women to control their own property recognized — a complete novelty — the Police Court established, the jurisdiction of justices of the peace increased, new punishments prescribed for crimes, and new enactments made as to judicial proceedings, as, for instance, with reference to actions of replevin and the defenses of set-off, usury, etc., and, most important of all, a Territorial government for the District was created, and the old corporations of Washington and Georgetown and the old Levy Court of the county were abolished, except for the purpose of enforcing against them existing obligations.

In June, 1866, an act was passed authorizing the President to appoint 3 commissioners to revise and bring together all the statutes and parts of statutes which ought to be brought together, omitting redundant or obsolete enactments, and making such alterations as may be necessary to reconcile contradictions, supply the omissions, and mend the imperfections of the original text.

The act does not seem, in terms, to allude to the District of Columbia, or even embrace it.

Such commissioners were appointed and proceeded with their work, which was not completed for 7 years. Without having any express authority to do so, they made a separate revision and collection of the acts of Congress relating to the District, besides the collection of general statutes relating to the United States. Each collection was reported to Congress, to be approved and enacted into law. The concluding paragraphs of each virtually repeal every part of any act of Congress passed before December 1873, which is not included in this collection, and the whole is enacted into law, as the body of the statute law of the United States, under the title of "Revised Statutes," as of the date June 22, 1874.

The laws relating to the District begin with the one establishing the Territorial government, of February 21, 1871, and the whole collection occupies about 149 pages in the authorized publication. This is the first collection of statute law that ever received congressional approbation. Every law previously passed was an individual act, called for by some emergency, or supposed so to be, without the least consideration of its consistency with other existing laws or its fitness to be part of a system.

But this collection of Revised Statutes in no sense deserves the name of a code. In the first place it does not even purport to give or contain all the statutory law in force in the District. The old British statutes which were in force in Maryland at the time of the cession of the District and the Maryland statutes of over a century, also in force in the territory ceded, and which were expressly continued in force, in general terms, by the Act of Congress assuming jurisdiction over the District of February 27, 1801, are not included in this

10

# HISTORY OF THE D.C. CODE

collection or even alluded to. The general collection might perhaps be considered, in a limited sense, as a code for the United States, as it embraced all the laws affecting the whole United States, within the constitutional legislative jurisdiction of Congress, but there could be no complete code for the entire United States, because the subjects which would be proper to be regulated by the collection of the statutes in force in the District did not profess or pretend to provide for such subjects here, even by reenacting laws already in force. And in addition to this there was a total failure to introduce any new features in the way of reform or improvement, and those changes in the law which were embraced in the proposed codes that I have already referred to were entirely wanting.

It is well known that in the very same year in which this collection was published by authority of Congress, containing the law establishing the Territorial government of the District, an act was passed abolishing that government and establishing a board of commissioners for governing temporarily the financial affairs of the District.

In 1878 the present permanent form of government for the District was established, by Act of June 11 of that year, and this act provided that the commissioners to be appointed thereunder should report a draft of such additional laws or amendments to existing laws as, in their opinion, are necessary for the harmonious working of the system thereby adopted, and there was an appropriation in March 1879 for that object, among those for the civil expenses of the Government.

In December 1879, Mr. Dent, in the name of the commissioners, of whom he was the President, transmitted to the Senate a code of law and procedure for the District. This draft, prepared by Mr. Edward Stewart, the Territorial bar of our court, under the direction, as it was said, of Mr. N. G. Riddle, then Attorney for the District. Mr. Ingersoll was a member of our bar of no special prominence, but he certainly exhibited remarkable industry in the preparation of this code. It was, however, a very singular production. It appeared to be an effort to codify the whole body of the common law and embrace it under some abstract theory of law, the most abstract definitions and propositions.... it resembles an elementary work on law, such as would be put into the hands of students. In some places there are valuable new materials taken from the laws of Massachusetts and New York and the Code of Maryland, but they are so overlaid with the kind of matter that I have alluded to that it is a task to search them out. This is not the style in which a code should be prepared. It should consist of practical enactments, concise and forcible, Dudley Field, of New York, prepared a code for that State which professed to embody the whole common law. It was not favorably received and proved to be wholly useless. The code prepared by Mr. Ingersoll met with a similar fate. It was placed on file, but no action was taken upon it.

At the 2nd Session of the 46th Congress the House District Committee reported a bill to revise the acts of Congress relating to the District, and the

11