-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                         **DECISION and ORDER**
             -v-                                         08-CR-54S

SHANE BUCZEK,

             Defendant.

On November 5, 2010, Defendant, Shane Buczek, appearing *pro se*, with stand-by counsel, upon a plea of guilty (Docket Nos. 189, 191), was sentenced to a term of imprisonment of 12 months on Count 3 of the Indictment (possession of false identification document with intent to use to defraud the United States, in violation of 18 U.S.C. § 1028) to run concurrent to Count I of 09-CR-141S and Count 1 of 09-CR-121S, but consecutive to Count 2 of 09-CR-121S.  Buczek was also sentenced to a one-year term of Supervised Release, to run concurrent with the term imposed in 09-CR-141S and 09-CR-121S (Docket No. 313 .)  A Judgment of Conviction was entered on November 9, 2010.  (Docket No. 314.)  Buczek filed a Notice of Appeal on November 19, 2010.  (Docket No. 317.)

Buczek has now filed what he has titled a "Void Judgment Motion," pursuant to Fed.R.Civ.P. 60(b)(4), and Fed.R.Evid. 301 and 302.  (Docket No. 326.)[1]  The Motion specifically states "Do Not Treat as a 28 U.S.C. § 2255 or Other Habeas Petition."  (*Id.*)

---

[1]Buczek has filed numerous motions, both before and after the plea and sentence attacking, *inter alia*, the Indictment and conviction on a number of grounds, primarily related to the Court's subject-matter jurisdiction (*e.g.*, Docket Nos.74, 101, 124, 176, 194, 196, 197, 202, 203), all of which have been denied (*e.g.*, Docket Nos. 132, 181, 206).

Buczek claims, as he has repeatedly in the past, that the Judgment is void because the Court did not have jurisdiction over the offenses charged and for which he was convicted. For the reasons discussed below, the Motion is denied.

Rule 60(b) of the Federal Rules of Civil Procedure provides a procedural mechanism to seek relief from a final judgment or order in a *civil* case.  Defendant cannot seek relief from his Judgment of Conviction pursuant to Rule 60(b) because the Rule applies to civil actions only.  *E.g.*, *United States v. Porter*, No. 03-CR-0129 (CPS), 2008 WL 64668, at *1 (E.D.N.Y., Jan. 3, 2008); *United States v. Tate*, No. 3:01CR98(SRU), 523 F.Supp.2d 165, 168 (D.Conn. 2007); *United States v. Smith*, 498 F.Supp.2d 517, 519 (N.D.N.Y. 2007); *see also* Fed.R.Civ.P. 1 (stating that the *Federal Rules of Civil Procedure* govern only suits that are civil in nature).

Buczek's criminal proceedings are governed by the Federal Rules of Criminal Procedure.  Rule 34(a)(2) of those rules allows a defendant to move to arrest judgment if the court does not have jurisdiction of the offense charged, but a motion under Rule 34 must be made within 14 days after a plea of guilty.[2]  Fed.R.Crim.P. 34(b).  If the Court were to construe the instant Motion as one brought under Rule 34(a), it would be denied as untimely because it was not made within 14 days after the plea of guilty.

Typically, when a *pro se* litigant files a post-conviction motion, putatively brought under some other provision, the Court would be required to convert the motion, upon notice and an opportunity to withdraw the motion, to one brought under 28 U.S.C. § 2255.  *See Adams v. United States,* 155 F.3d 582, 584 (2d Cir.1998) (*per curiam*).  However, Buczek has specifically noted in the Motion that he does not wish the Motion to be construed as

---

[2]Because defendant is pro se, the Court is required to construe his submissions liberally.  See *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006).

a Motion to Vacate under 28 U.S.C. § 2255 and, therefore, the Court will not convert the instant Motion to one brought under 28 U.S.C. § 2255.

IT IS HEREBY ORDERED, that Defendant Shane Buczek's Motion to Void the Judgment (Docket No. 326) is DENIED.

FURTHER, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed.R.App.P. 24(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore the Court denies leave to appeal as a poor person from this Decision and Order.[3] *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED

Dated:      March 4, 2011
            Buffalo, New York

                                    s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    Chief Judge
                                    United States District Court

---

[3]The Court has granted Buczek permission to proceed as a poor person on his appeal from the Judgment of Conviction entered in this Court.  (Docket No. 319.)  That permission is not disturbed by this Decision and Order.